1

2

3

Massimo Forti
Tina Forti,
30770 Russsell Ranch Road #G
Westlake Village California [91362]

4

5

Defendants in Sui Juris



6

7

8

9

10

11

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

LACV2201654-DSF-MRWx

12

13

14

15

16

17

18

19

COUNTY OF LOS ANGELES, a
political subdivision of the State of
California; MUNTU DAVIS, M.D.,
M.P.H., in his capacity as health officer
of Los Angeles County; THE PEOPLE
OF THE STATE OF CALIFORNIA, by
and through RODRIGO A. CASTRO-
SILVA, County Counsel for the County
of Los Angeles,

20

21

Plaintiff,

vs.

22

23

24

25

26

LUCANNA, LLC, a California limited
liability company, d/b/a NOVO CAFÉ;
Massimo Forti, and individual; Tina
Forti, an individual a/k/a, Tina Pasha,
AND DOES 1 THROUGH 50,
Inclusive

Defendant(s).

27

28

Case No.:

**NOTICE OF REMOVAL**

28 U.S.C. §1441(c)

**(FEDERAL QUESTION)**
Violation of The Takings Clause of The
5th Amendment To Constitution For The
united States of America;

NOTICE OF REMOVAL- 1

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE THAT DEFENDANT(S) Massimo Forti and Tina Forti
hereby removes to this Court the state court action described below.

1. In and around December 20, 2020, the County of Los Angeles, by and
through its health officer MUNTU DAVIS, M.D., began a series of
inspections on the premises of defendant's business, NOVO CAFÉ, at the
directive of the County Council's office of Los Angeles.  In the months that
followed, up and through December 20, 2021, the County of Los Angeles by
and through its Health Officer MUNTU DAVIS, M.D. cited defendants and
NOVO CAFÉ 94 times for a total of $111,940 in fines and penalties. See
attachments incorporated herein by referenced and attached thereto under
**Exhibit "A"**.

2. On or about January 5, 2022, Plaintiffs commenced a civil action against
defendants in The SUPERIOR COURT OF THE STATE OF
CALIFORNIA, FOR THE COUNTY OF LOS ANGELES, CENTRAL
DISTRICT, case number 22STCV00378, entitled,  COUNTY OF LOS
ANGELES, a political subdivision of the State of California; MUNTU
DAVIS, M.D., M.P.H., in his capacity as health officer of Los Angeles
County; THE PEOPLE OF THE STATE OF CALIFORNIA, by and through
RODRIGO A. CASTRO-SILVA, County Counsel for the County of Los
Angeles, v.  LUCANNA, LLC, a California limited liability company, d/b/a
NOVO CAFÉ; Massimo Forti, and individual; Tina Forti, an individual
a/k/a, Tina Pasha, AND DOES 1 THROUGH 50, Inclusive. See Summons
and Complaint attached hereto and made apart hereof under **Exhibit "B"**.

3. In compliance with the holdings in the Supreme Court decision in Polazzalo
v. Rhode Island (553 US 606), which held that "Municipalities cannot exert
any acts of ownership or control over property that is not owned by them."

On January 4th 2022, defendants sent a Notice to Cease and Desist and to challenge standing and jurisdiction of the purported plaintiffs. By their silence and failure to respond, Plaintiff's attorneys have acquiesced to defendants' claim of rights within the cease and desist notice. See Cease and Desist Notice incorporated herein by reference and attached hereto under **Exhibit "C".** On January 18, 2022 defendants sent a challenge to standing to the Plaintiffs which Plaintiffs have failed to answer. See attachment under **Exhibit "C-1".**

4. On February 8, 2022, plaintiffs filed and served a Notice of Default against defendants. See incorporated herein and attached hereto under **Exhibit "D".** No further proceedings have occurred in the state court action.  The actions of plaintiff are violations of defendant's 4th and 5th Amendment (privacy, liberty and property) protections under the Constitution for the united States of America.  Said removal shall divest and disqualify the Superior Court from taking any further action in this matter.

5. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1331, and is one which may be removed to this Court by defendants Massimo Forti and Tina Forti pursuant to the provisions of 28 U.S.C. § 1441(c) in that the state court action arises under 42 U.S.C. §§ 1983, violations of the Takings Clause of the 5th Amendment to the Constitution for the united States America.

WHEREFORE Defendant prays that the above action now pending against them in The SUPERIOR COURT OF THE STATE OF CALIFORNIA, FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT, be removed therefrom to this Court.

Dated: March 14, 2022

1

2

3

4

5    By: _____

6          Massimo Forti

7    By: _____

8          Tina Forti

9    30770 Russsell Ranch Road #G

10   Westlake Village California [91362]

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF REMOVAL- 4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

|   | Date | Citation | Amount |
|---|------|----------|--------|
| 1 | 12/22/2020 | PH001254 | $ 500.00 |
| 2 | 12/29/2020 | PH001356 | $ 500.00 |
| 3 | 12/31/2020 | PH001358 | $ 500.00 |
| 4 | 1/3/2021 | PH009403 | $ 500.00 |
| 5 | 1/5/2021 | PH001361 | $ 500.00 |
| 6 | 1/6/2021 | PH001364 | $ 500.00 |
| 7 | 1/7/2021 | PH017958 | $ 500.00 |
| 8 | 1/8/2021 | PH017961 | $ 500.00 |
| 9 | 1/10/2021 | PH000652 | $ 500.00 |
| 10 | 1/12/2021 | PH001365 | $ 500.00 |
| 11 | 1/13/2021 | PH017963 | $ 500.00 |
| 12 | 1/14/2021 | PH001367 | $ 500.00 |
| 13 | 1/15/2021 | PH001562 | $ 500.00 |
| 14 | 1/16/2021 | PH017965 | $ 500.00 |
| 15 | 1/17/2021 | PH001258 | $ 500.00 |
| 16 | 1/19/2021 | PH001370 | $ 500.00 |
| 17 | 1/20/2021 | PH001371 | $ 500.00 |
| 18 | 1/21/2021 | PH017969 | $ 500.00 |
| 19 | 1/22/2021 | PH001564 | $ 500.00 |
| 20 | 1/23/2021 | PH017971 | $ 500.00 |
| 21 | 1/24/2021 | PH001260 | $ 500.00 |
| 22 | 1/26/2021 | PH001374 | $ 500.00 |
| 23 | 1/27/2021 | PH000808 | $ 500.00 |
| 24 | 1/28/2021 | PH001568 | $ 500.00 |
| 25 | 1/29/2021 | PH017973 | $ 500.00 |
| 26 | 1/30/2021 | PH000811 | $ 500.00 |
| 27 | 1/31/2021 | PH001262 | $ 500.00 |
| 28 | 2/2/2021 | PH001376 | $ 500.00 |
| 29 | 2/6/2021 | PH017976 | $ 500.00 |
| 30 | 2/7/2021 | PH012611 | $ 500.00 |
| 31 | 2/11/2021 | PH017980 | $ 1,000.00 |
| 32 | 2/13/2021 | PH017982 | $ 1,000.00 |
| 33 | 2/17/2021 | PH017984 | $ 1,000.00 |
| 34 | 2/19/2021 | PH017986 | $ 1,000.00 |
| 35 | 2/23/2021 | PH017989 | $ 1,000.00 |
| 36 | 3/2/2021 | PH017991 | $ 1,000.00 |
| 37 | 3/4/2021 | PH017994 | $ 1,000.00 |
| 38 | 3/9/2021 | PH017995 | $ 1,000.00 |
| 39 | 3/11/2021 | PH017998 | $ 1,000.00 |
| 40 | 3/16/2021 | PH018000 | $ 1,500.00 |
| 41 | 3/18/2021 | PH017752 | $ 1,500.00 |
| 42 | 3/23/2021 | PH017753 | $ 1,500.00 |
| 43 | 3/25/2021 | PH017756 | $ 1,500.00 |
| 44 | 3/30/2021 | PH01758 | $ 1,500.00 |
| 45 | 4/1/2021 | PH017760 | $ 1,500.00 |
| 46 | 4/6/2021 | PH017762 | $ 1,500.00 |
| 47 | 4/8/2021 | PH017764 | $ 1,500.00 |
| 48 | 4/13/2021 | PH017766 | $ 1,500.00 |
| 49 | 4/15/2021 | PH017769 | $ 1,500.00 |
| 50 | 4/20/2021 | PH017771 | $ 1,500.00 |
| 51 | 4/22/2021 | PH017774 | $ 1,500.00 |
| 52 | 4/27/2021 | PH017776 | $ 1,500.00 |
| 53 | 4/29/2021 | PH017778 | $ 1,500.00 |
| 54 | 5/4/2021 | PH017780 | $ 1,500.00 |
| 55 | 5/6/2021 | PH017782 | $ 1,500.00 |
| 56 | 5/11/2021 | PH017785 | $ 1,500.00 |
| 57 | 5/13/2021 | PH017787 | $ 1,500.00 |
| 58 | 5/18/2021 | PH017788 | $ 1,500.00 |
| 59 | 5/20/2021 | PH017791 | $ 1,500.00 |
| 60 | 5/25/2021 | PH017793 | $ 1,500.00 |
| 61 | 5/27/2021 | PH017794 | $ 1,500.00 |
| 62 | 6/1/2021 | PH017795 | $ 1,500.00 |
| 63 | 6/3/2021 | PH017796 | $ 1,500.00 |
| 64 | 6/8/2021 | PH017797 | $ 1,500.00 |
| 65 | 6/10/2021 | PH017798 | $ 1,500.00 |
| 66 | 6/22/2021 | PH01801 | $ 1,000.00 |
| 67 | 6/24/2021 | PH017803 | $ 1,000.00 |
| 68 | 6/29/2021 | PH017805 | $ 1,000.00 |
| 69 | 7/1/2021 | PH017807 | $ 1,000.00 |
| 70 | 7/6/2021 | PH017809 | $ 1,000.00 |
| 71 | 7/8/2021 | PH017811 | $ 1,000.00 |
| 72 | 7/13/2021 | PH017813 | $ 1,000.00 |
| 73 | 7/15/2021 | PH017815 | $ 1,000.00 |
| 74 | 7/20/2021 | PH017818 | $ 1,000.00 |
| 75 | 7/22/2021 | PH017820 | $ 1,000.00 |
| 76 | 7/27/2021 | PH017822 | $ 1,500.00 |
| 77 | 7/29/2021 | PH01724 | $ 1,500.00 |
| 78 | 8/3/2021 | PH017826 | $ 1,500.00 |
| 79 | 8/5/2021 | PH017828 | $ 1,500.00 |
| 80 | 8/10/2021 | Ph017830 | $ 1,500.00 |
| 81 | 8/13/2021 | PH017832 | $ 1,500.00 |
| 82 | 8/17/2021 | PH017834 | $ 1,500.00 |
| 83 | 8/19/2021 | PH017837 | $ 1,500.00 |
| 84 | 8/24/2021 | PH017839 | $ 1,500.00 |
| 85 | 8/26/2021 | PH017841 | $ 1,500.00 |
| 86 | 8/31/2021 | PH017843 | $ 1,500.00 |
| 87 | 9/2/2021 | PH017849 | $ 1,500.00 |
| 88 | 9/7/2021 | PH017850 | $ 1,500.00 |
| 89 | 9/9/2021 | PH020752 | $ 1,500.00 |
| 90 | 11/10/2021 | PH020756 | $ 1,500.00 |
| 91 | 11/12/2021 | PH020757 | $ 1,500.00 |
| 92 | 12/14/2021 | PH020760 | $ 1,500.00 |
| 93 | 12/16/2022 | PH020761 | $ 1,500.00 |
| 94 | 12/18/2022 | PH017858 | $ 1,500.00 |
|   | Invoice | AR0340053 | $ 10,440.00 |

| TOTAL | $ 111,940.00 |
|-------|--------------|

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT B

NOTICE OF REMOVAL- 6

22STCV00378

Electronically FILED by Superior Court of California, County of Los Angeles on 01/05/2022 01:40 PM Sherri R. Carter, Executive Officer/Clerk of Court, by H. Flores-Hernandez,Deputy Clerk

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| |
|---|
| **FOR COURT USE ONLY**<br>*(SOLO PARA USO DE LA CORTE)* |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

LUCANNA, LLC, a California limited liability company d/b/a NOVO CAFÉ; MASSIMO FORTI, an individual; TINA FORTI, an individual a/k/a TINA PASHA; AND DOES 1 THROUGH 50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

COUNTY OF LOS ANGELES, a political subdivision of the State of California;
("Additional Parties Attachment form is attached.")

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, California 90012 | CASE NUMBER: *(Número del Caso):*<br>**22STCV00378** |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Elliot H. Min (SBN 302597); 500 West Temple Street, Sixth Floor, Los Angeles, California 90012; Phone: (213) 418-5622

| DATE:<br>*(Fecha)* 01/05/2022 | Clerk, by Sherri R. Carter Executive Officer / Clerk of Court<br>H. Flores-Hernandez | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*



[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☒ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courts.ca.gov* |
|---|---|---|

**SUM-200(A)**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| County of Los Angeles, et al. v. LUCANNA, LLC, et al. | |

### INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.):*

[ x ] Plaintiff    [ ] Defendant    [ ] Cross-Complainant    [ ] Cross-Defendant

MUNTU DAVIS M.D., M.P.H., in his capacity as Health Officer for Los Angeles County; and THE PEOPLE OF THE STATE OF CALIFORNIA, by and through RODRIGO A. CASTRO-SILVA, County Counsel for the County of Los Angeles,

Page ___1___ of ___1___

Page 1 of 1

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

Electronically FILED by Superior Court of California, County of Los Angeles on 01/05/2022 01:40 PM Sherri R. Carter, Executive Officer/Clerk of Court, by H. Flores-Hernandez,Deputy Clerk
22STCV00378

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Yolanda Orozco

**NO FEE DUE**
**GOV'T CODE § 6103**

1 | RODRIGO A. CASTRO-SILVA, (SBN 185251)
   | County Counsel
2 | J. SCOTT KUHN (SBN 190517)
   | Assistant County Counsel
3 | DUŠAN PAVLOVIĆ (SBN 228509)
   | Senior Deputy County Counsel
4 | PETER LEE (SBN 290846)
   | Deputy County Counsel
5 | ELLIOT H. MIN (SBN 302597)
   | Deputy County Counsel
6 | 648 Kenneth Hahn Hall of Administration
   | 500 West Temple Street
7 | Los Angeles, California 90012-2713
   | Telephone: (213) 418-5622; Fax: (213) 680-2165
8 | Email: emin@counsel.lacounty.gov

9 | Attorneys for COUNTY OF LOS ANGELES,
   | MUNTU DAVIS, M.D., M.P.H., in his capacity as Health Officer of Los Angeles,
10 | and THE PEOPLE OF THE STATE OF CALIFORNIA

11 |                **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

12 |            **FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT**

| | |
|---|---|
| 13 COUNTY OF LOS ANGELES, a political subdivision of the State of California; | CASE NO.    22STCV00378 |
| 14 MUNTU DAVIS M.D., M.P.H., in his capacity as Health Officer for Los Angeles | **COMPLAINT FOR:** |
| 15 County; and THE PEOPLE OF THE STATE OF CALIFORNIA, by and through | **(1) VIOLATION OF EMERGENCY HEALTH OFFICER ORDERS;** |
| 16 RODRIGO A. CASTRO-SILVA, County Counsel for the County of Los Angeles, | **(2) PUBLIC NUISANCE ABATEMENT (LOS ANGELES COUNTY CODE §§** |
| 17                      Plaintiffs, | **1.23.010 ET SEQ.; 8.04.932 ET SEQ.; 11.02.010 ET SEQ.)** |
| 18                 v. | |
| 19 LUCANNA, LLC, a California limited | **(3) OPERATING ON A SUSPENDED OR REVOKED PUBLIC HEALTH PERMIT** |
| 20 liability company d/b/a NOVO CAFÉ; MASSIMO FORTI, an individual; TINA | **(LOS ANGELES COUNTY CODE §§ 8.04.932, 8.04.943; HEALTH & SAFETY** |
| 21 FORTI, an individual a/k/a TINA PASHA; AND DOES 1 THROUGH 50, inclusive, | **CODE §§ 114381, 114405)** |
| 22                 Defendants. | **(4) PUBLIC NUISANCE ABATEMENT (CODE OF CIVIL PROCEDURE § 731);** |
| 23 | |
| 24 | **(5) UNLAWFUL BUSINESS PRACTICES (BUSINESS AND PROFESSIONS CODE § 17200 ET SEQ.)** |
| 25 | |

26 |

27 | ///

28 | ///

HOA.103493700.10
                                    -1-
                                COMPLAINT

1   Plaintiffs County of Los Angeles (the "County"), Muntu Davis, M.D., M.P.H. ("Dr. Davis"
2   or "County Health Officer"), and the People of the State of California, by and through Rodrigo A.
3   Castro-Silva, County Counsel for the County of Los Angeles (the "People") (collectively, the
4   "Plaintiffs") hereby allege in their Complaint (the "Complaint") against Defendants LUCANNA,
5   LLC, a California limited liability company d/b/a NOVO CAFÉ; MASSIMO FORTI, an
6   individual; TINA FORTI, an individual a/k/a TINA PASHA; and DOES 1 THROUGH 50,
7   inclusive (collectively, "Defendants"), as follows:

8                    **I.      NATURE OF THE ACTION**

9      1.    Coronavirus disease 2019 ("COVID-19"), caused by the highly contagious novel
10   coronavirus SARS-CoV-2, has caused an unprecedented worldwide public health crisis. Since the
11   beginning of the pandemic in early 2020, more than 53 million people in the United States have
12   contracted COVID-19 and over 820,355 people have died from the disease. As of January 3,
13   2022, the County of Los Angeles reported 1,757,522 total cases of COVID-19 and 27,647 total
14   deaths resulting from COVID-19 in the County.

15     2.    As of January 3, 2022, the County of Los Angeles is in the midst of an alarming
16   surge of COVID-19 infection fueled by the highly transmissible Omicron variant of the
17   coronavirus. On December 30, 2021 alone, the County reported 20,198 new cases of COVID-19,
18   one of the highest daily case counts of the pandemic, and the County is currently experiencing a
19   steadily increasing test positivity rate and 7-day average of hospitalized COVID-19 confirmed
20   patients.

21     3.    Despite the rampant spread of this deadly virus, Defendants compromised, and
22   continue to compromise, the public's health and safety by operating their restaurant in violation of
23   state law, County Health Orders, and Los Angeles County Codes. Furthermore, while the vast
24   majority of restaurants in the County complied with emergency health orders and safety
25   restrictions during the pandemic, Defendants engaged, and continue to engage in, unfair business
26   practices by ignoring and violating such orders and restrictions.

27     4.    In March 2020, State and County officials declared a state of emergency. Using the
28   authority granted to them by state law, state and local health officers have issued emergency

HOA.103493700.10                        -2-
                                      COMPLAINT

1    orders restricting activities that pose the most risk for spreading COVID-19. Health officials have

2    continuously modified the orders as the situation evolved.

3        5.    The virus that causes COVID-19 spreads easily through person-to-person contact.

4    Because it is spread through respiratory droplets, the risk of transmission is increased when people

5    are in close proximity for a substantial period of time. There are also significant risks of

6    transmission from persons who are asymptomatic or pre-symptomatic. For this reason, County

7    officials have restricted operations at a variety of establishments. Defendants have flouted the

8    rules by offering indoor and outdoor dining at their restaurant, failing to comply with COVID-19

9    safety measures, and operating with a suspended or revoked health permit.  Defendants' actions

10   are putting the health of their workers, customers, and the community at risk.

11       6.    Defendants' actions constitute a public nuisance, and must be stopped.

12                            **II.    THE PARTIES**

13           **A.    Plaintiffs**

14       7.    Plaintiff County of Los Angeles is a charter county and a political subdivision of

15   the State of California.

16       8.    Plaintiff Muntu Davis, M.D., M.P.H., is the duly appointed health officer for the

17   County.

18       9.    Plaintiff People of the State of California are hereby represented by and through

19   RODRIGO A. CASTRO-SILVA, County Counsel for the County of Los Angeles, who acts on

20   their behalf pursuant to Business and Professions Code section 17204 and Code of Civil Procedure

21   section 731.

22           **B.    Defendants**

23       10.   Defendant Lucanna, LLC, owns and operates the Novo Café restaurant ("Novo

24   Café"), located at 30770 Russell Ranch Rd., Ste. G, Westlake Village, California, 91362, and

25   more particularly described by Assessor's Parcel Number ("APN") 2054-030-120 ("Property").

26       11.   Defendants Massimo Forti and Tina Forti a/k/a Tina Pasha are members of

27   Lucanna, LLC, and reside and do substantial business in Los Angeles County.

28   ///

12.     The Defendants named as Does 1 through 50, inclusive, are sued and designated by fictitious names pursuant to Section 474 of the Code of Civil Procedure, for the reason that their true names and capacities are unknown by the County. Plaintiffs will amend this complaint to show the true names and capacities of such defendants fictitiously named when ascertained. Plaintiffs are informed and believe, and thereon allege, that each of the Doe Defendants is responsible in some manner for the violation of the Health Orders, Los Angeles County Code, and state law herein alleged.

13.     Plaintiffs are informed and believe, and on that basis alleges, that at all times mentioned herein, each of the Defendants was and is the agent, officer, employee, member, representative, or alter ego of one or more of the remaining Defendants, and, in doing the things herein after alleged, was acting within the scope of his, her, or its authority as such agent, officer, employee, member, representative, or alter ego with the permission and consent of the remaining Defendants.

### III.     JURISDICTION AND VENUE

14.     This case is an unlimited civil case because it is not one of the proceedings described by statute as a limited civil case.

15.     Pursuant to Code of Civil Procedure section 410.10, this action lies within the general jurisdiction of this Court, because the causes of action arise under the California law and Defendants reside and/or do business within California.

16.     Moreover, pursuant to Los Angeles Superior Court Local Rule 2.3 and Code of Civil Procedure sections 392, 393, and 395, venue is proper in the Los Angeles Superior Court, Central District, as Plaintiffs are seeking to enjoin unlawful conduct occurring on a property located in Los Angeles County.

### IV.     FACTUAL ALLEGATIONS

#### A.     The COVID-19 Health Orders

17.     The County (and the country) is facing an unprecedented public health crisis due to the spread of COVID-19. Beginning in March 2020, federal, state, and local authorities issued a

1  series of emergency orders to try to slow the spread of COVID-19 and avoid overwhelming the

2  statewide healthcare system.

3      18.    On March 4, 2020, Governor Gavin Newsom proclaimed a State of Emergency in

4  California as a result of COVID-19.

5      19.    That same day, the Los Angeles County Board of Supervisors proclaimed a local

6  emergency. The County Health Officer, Dr. Muntu Davis, also declared a local health emergency.

7      20.    Since March 2020, state and local officials have issued emergency health orders,

8  which have been revised several times, based on evolving public health conditions.

9      21.    On November 25, 2020, the County of Los Angeles Department of Public Health

10  issued the "Reopening Safer at Work and in the Community for Control of COVID-19: Blueprint

11  for a Safer Economy Tier 1 Surge Response" (the "Reopening Safer Health Order").

12      22.    Among other health and safety measures, the Reopening Safer Health Order

13  prohibited in-person indoor and outdoor dining at restaurants. Research has demonstrated that

14  transmission of COVID-19 can occur in outdoor settings.[1] This is why it is recommended that

15  individuals wear face coverings whenever they are in close proximity to one another, regardless of

16  whether they are indoors or outdoors. Dining with others creates a situation where (a) non-

17  household members are gathering in close proximity to each other, (b) not wearing masks, and (c)

18  eating, drinking, and projecting their voices (and respiratory and aerosol droplets) toward each

19  other typically for periods of more than 15 minutes. Being in close proximity to an unmasked

20  infected person for a prolonged period of time presents a high risk of COVID-19 infection.

21      23.    The Reopening Safer Health Order remained in effect until January 29, 2021. On

22  January 29, 2021, the County of Los Angeles Department of Public Health's "Reopening Safer at

23  Work and in the Community for Control of COVID-19: Blueprint for a Safer Economy Tier 1

24  Surge Response Revised Order" (the "Revised Health Order") went into effect.

25

26       [1] Weed & Foad, Rapid Scoping Review of Evidence of Outdoor Transmission of COVID-

27  19, doi: https://doi.org/10.1101/2020.09.04.20188417; *See also* Qian, Mia, Liu, Zheng, Luo & Li, Indoor transmission of SARVS-CoV-2 (doi: https://doi.org/10.1101/2020.04.04.20053058).

28

HOA.103493700.10

1    24.    The Revised Health Order continued to prohibit situations where the virus spreads
2    easily and required restaurants to take certain precautions including, but not limited to: (a)
3    requiring employees to wear face coverings and a face shield at all times when interacting with
4    customers and in the customer service area; (b) limiting outdoor dining tables to six (6) persons
5    from the same household; (c) requiring all outdoor dining tables be positioned eight (8) feet apart;
6    and (d) requiring all televisions remain off.

7    25.    The Revised Health Order remained in effect until June 14, 2021. On June 15,
8    2021, the County of Los Angeles Department of Public Health issued the "A Safer Return
9    Together at Work and in the Community" Health Order ("Safer Return Health Order") which, in
10    connection with the State terminating the Blueprint for a Safer Economy and entering into a new
11    phase of the COVID-19 pandemic, and based on increasing COVID-19 vaccination coverage and
12    the success of Los Angeles County and the State in lowering transmission of the virus that causes
13    COVID-19, removed the local capacity limits on business and other sectors, local physical
14    distancing requirements, and other previously required safety modifications. The Safer Return
15    Health Order remained in effect until October 7, 2021.

16    26.    On October 7, 2021, the County of Los Angeles Department of Public Health's
17    Order "Responding Together at Work and in the Community" ("Current Health Order") went into
18    effect. The Current Health Order was issued based on the facts that: since June 15, 2021, and after
19    the retiring of the State's Blueprint for a Safer Economy, community transmission of COVID-19 in
20    Los Angeles County had rapidly increased from "Low" to "High"; and Centers for Disease Control
21    and Prevention indicators showed continuously high daily new cases of COVID-19 to a level that
22    indicates high community transmission of the virus.

23    27.    The Current Health Order continues to require that all persons wear face masks
24    while in indoor public settings and businesses, with limited exceptions, as a precautionary measure
25    due to the high level of community transmission of COVID-19. Among other requirements, the
26    Current Health Order requires restaurants to: (a) require all patrons, customers, and guests to wear
27    masks when indoors (except when actively eating or drinking), regardless of their vaccination
28    status; (b) post clearly visible and easy to read signage, with or without having an employee

HOA.103493700.10

-6-
COMPLAINT

1    present, at all entry points for indoor and outdoor settings to communicate the masking

2    requirements for patrons, customers, and guests; and (c) maintain a valid public health permit to

3    operate.  The Reopening Safer Health Order, Revised Health Order, Safer Return Health Order,

4    and Current Health Order shall hereinafter collectively be referred to as the "Health Orders".

5        B.    **Defendants' Violations of state law, the Health Orders, and Los Angeles**

6              **County Code**

7        28.    Despite the Health Orders, multiple warnings, written directives, citations,

8    suspension and revocation of their public health permit, and health officer closure orders,

9    Defendants continued and continue to operate Novo Café in violation of those orders and the law.

10       29.    Defendants' refusal to comply with the Health Orders was and is in violation of the

11   law entitling Plaintiffs to, among other things, injunctive relief.

12       30.    The Health Orders are necessary to protect the health and safety of the residents of

13   the County and the public at large, and immediate and irreparable injury will result if Defendants

14   do not comply.

15       31.    On December 22, 2020, a Los Angeles County Department of Public Health

16   inspector ("public health inspector") inspected Novo Café and observed that Novo Café was

17   operating outdoor dining in violation of the Reopening Safer Health Order.  The public health

18   inspector issued a citation and written directive to Defendants Lucanna, LLC d/b/a Novo Café, and

19   Massimo Forti requiring corrective action.

20       32.    On December 29, 2020, a public health inspector re-inspected and confirmed Novo

21   Café was continuing outdoor dining in violation of the Reopening Safer Health Order.  The public

22   health inspector issued a citation and written directive to Defendants Lucanna, LLC d/b/a Novo

23   Café, and Massimo Forti requiring corrective action.

24       33.    On December 31, 2020, a public health inspector re-inspected Novo Café and

25   observed the restaurant was still operating outdoor and indoor dining in violation of the Reopening

26   Safer Health Order.  The public health inspector suspended Novo Café's Public Health Permit for

27   its repeated non-compliance with the Health Order.  The public health inspector issued a citation

28   and written directive to Defendants Lucanna, LLC d/b/a Novo Café, and Massimo Forti requiring

HOA.103493700.10
-7-
COMPLAINT

1  corrective action, including discontinuing operation due to suspension of Novo Café's Public

2  Health Permit.

3        34.    On January 3, 2021, a public health inspector re-inspected Novo Café and observed

4  Novo Café was still operating outdoor and indoor dining in violation of the Reopening Safer

5  Health Order, and also operating on a suspended Public Health Permit.  The public health

6  inspector issued a citation and written directive to Defendants Lucanna, LLC d/b/a Novo Café, and

7  Massimo Forti requiring corrective action.

8        35.    On January 5, 2021, a public health inspector re-inspected Novo Café and observed

9  Novo Café was still operating outdoor and indoor dining, and still operating on a suspended Public

10  Health Permit.  Furthermore, the inspector observed Novo Café employees not wearing face

11  coverings while contacting seated customers without masks.  The public health inspector issued a

12  citation and written directive to Defendants Lucanna, LLC d/b/a Novo Café, and Massimo Forti

13  requiring corrective action.

14        36.    On January 6, 2021, a public health inspector re-inspected Novo Café and observed

15  continuing violations of: operation of indoor and outdoor dining, employees not wearing face

16  coverings while contacting seated customers, and operating on a suspended Public Health Permit.

17  Defendant Massimo Forti told the public health inspector that Novo Café was not going to close

18  and he would not stop serving food and drinks indoors or outdoors.  The public health inspector

19  issued a citation and written directive to Defendants Lucanna, LLC d/b/a Novo Café and Massimo

20  Forti requiring corrective action.

21        37.    On January 7, 2021, January 8, 2021, January 10, 2021, January 12, 2021, January

22  13, 2021, January 14, 2021, January 15, 2021,  January 16, 2021, January 17, 2021, January 19,

23  2021, January 20, 2021, January 21, 2021, January 22, 2021, January 23, 2021, January 24, 2021,

24  January 26, 2021, January 27, 2021, January 28, 2021, January 29, 2021, January 30, 2021,

25  January 31, 2021, and February 2, 2021, a public health inspector(s) re-inspected Novo Café and

26  observed continuing violations of (among other violations): operation of indoor and outdoor

27  dining, employees not wearing face coverings while contacting customers, and operating on a

28  suspended Public Health Permit.  On each date listed in this paragraph, the public health inspector

1  issued a citation and written directive to Defendants Lucanna, LLC d/b/a Novo Café requiring
2  corrective action.

3      38.    On January 27, 2021, a permit revocation hearing was held by the Department of
4  Public Health for Novo Café's Public Health Permit.

5      39.    On February 2, 2021, Novo Café's Public Health Permit was revoked for, among
6  other violations, continually operating indoor and outdoor dining during the COVID-19 pandemic
7  in violation of Health Orders.  Defendants Lucanna, LLC d/b/a Novo Café, Massimo Forti, and
8  Tina Forti were provided a written notice to cease all restaurant operations and remain closed until
9  Novo Café obtains a new permit.  Defendants did not appeal the revocation.

10     40.    On February 6, 2021, February 7, 2021, February 11, 2021, February 13, 2021,
11 February 17, 2021, February 19, 2021, February 23, 2021, March 2, 2021, March 4, 2021, March
12 9, 2021, March 11, 2021, March 16, 2021, March 18, 2021, March 23, 2021, March 25, 2021,
13 March 30, 2021, April 1, 2021, April 6, 2021, April 8, 2021, April 13, 2021, April 15, 2021, April
14 20, 2021, April 22, 2021, April 27, 2021, April 29, 2021, May 4, 2021, May 6, 2021, May 11,
15 2021, May 13, 2021, May 18, 2021, May 20, 2021, May 25, 2021, May 27, 2021, June 1, 2021,
16 June 3, 2021, June 8, 2021, and June 10, 2021, a public health inspector(s) re-inspected Novo Café
17 and observed continuing violations of (among other violations): operation of indoor and outdoor
18 dining (numerous patrons dining outdoors, indoors, and at the bar); employees (servers and cooks)
19 not wearing face coverings while contacting customers; failure to implement physical distancing
20 measures (e.g. floor markings, physical distancing); failure to post appropriate COVID-19
21 protocols near entrance of the business; failure to post signage informing customers of COVID-19
22 requirements at the entrance of the business; failure to discontinue providing entertainment (e.g.
23 live television); failure to post and keep "Closure" sign visible to general public and patrons; and
24 operating on a revoked Public Health Permit.  On each date listed in this paragraph, the public
25 health inspector issued a citation and written directive to Defendant Lucanna, LLC d/b/a Novo
26 Café requiring corrective action.

27 / / /

28 / / /

41.    On February 24, 2021, the City of Westlake Village revoked Novo Café's Conditional Use Permit relative to the sale of alcoholic beverages for on-site and off-site consumption.

42.    On June 15, 2021, June 17, 2021, June 22, 2021, June 24, 2021, June 29, 2021, July 1, 2021, July 6, 2021, July 8, 2021, July 13, 2021, July 15, 2021, July 20, 2021, July 22, 2021, July 27, 2021, July 29, 2021, August 3, 2021, August 5, 2021, August 10, 2021, August 12, 2021, August 17, 2021, August 19, 2021, August 24, 2021, August 26, 2021, August 31, 2021, September 2, 2021, September 7, 2021, and September 9, 2021, a public health inspector(s) re-inspected Novo Café and observed continuing violations of (among other violations): failure to maintain Notice of Closure sign clearly visible to the general public and patrons; failure to display a valid Public Health Permit; failure of employees to wear face coverings; and operating on a revoked Public Health Permit.  On each date listed in this paragraph, the public health inspector issued a citation and written directive to Defendant Lucanna, LLC d/b/a Novo Café requiring corrective action.

43.    On November 5, 2021, the Los Angeles County Counsel sent a cease and desist letter to Defendants Lucanna, LLC d/b/a Novo Café, Massimo Forti, and Tina Forti demanding they immediately cease operating Novo Café without a Public Health Permit, and to stop violating Health Orders and applicable laws.

44.    On November 10, 2021, a public health inspector re-inspected Novo Café and observed that Novo Café was still operating on a revoked Public Health Permit, and violating Health Orders.  The public health inspector observed 20 customers eating and drinking in the indoor dining area, 5 customers eating and drinking at the outdoor dining area, 1 employee at the front counter, 2 employees serving food and drinks, and 6 employees preparing food in the kitchen.  Furthermore, Novo Café failed to maintain the Notice of Closure posted and clearly visible to the general public and patrons; Novo Café employees were not wearing required face covers; and Novo Café failed to post signs informing customers to wear a face covering.  The public health inspector issued a citation and written directive to Defendant Lucanna, LLC d/b/a Novo Café requiring corrective action.

HOA.103493700.10

-10-
COMPLAINT

45.     On November 12, 2021, a public health inspector re-inspected Novo Café and observed that Novo Café was still operating on a revoked Public Health Permit, and violating the Current Health Order.  The public health inspector observed 8 customers eating and drinking in the indoor dining area, 6 customers eating and drinking at the outdoor dining area, 1 employee at the front counter, 2 employees serving food and drinks, and 6 employees preparing food in the kitchen.  Furthermore, Novo Café failed to maintain the Notice of Closure posted and clearly visible to the general public and patrons; Novo Café employees were not wearing required face covers; and Novo Café failed to post signs informing customers to wear a face covering.  The public health inspector issued a citation and written directive to Defendant Lucanna, LLC d/b/a Novo Café requiring corrective action.

46.     On December 14, 16, and 18, 2021, a public health inspector(s) re-inspected Novo Café and observed Novo Café was still operating on a revoked Public Health Permit, and violating the Current Health Order.  Novo Café failed to maintain the Notice of Closure posted and clearly visible to the general public and patrons; Novo Café employees were not wearing required face covers; and Novo Café failed to post signs informing customers to wear a face covering.  On each date listed in this paragraph, a public health inspector issued a citation and written directive to Defendant Lucanna, LLC d/b/a Novo Café requiring corrective action.

47.     Defendants have not appealed any of the approximately 97 citations that they were issued by public health inspectors and the Los Angeles County Department of Public Health.

48.     On information and belief, Defendants continuously operated Novo Café in violation of Health Orders, Los Angeles County Code, and state law on a daily basis from at least December 22, 2020, to the present.  As of the date of the filing of this Complaint, Defendants continue to operate Novo Café in violation of the Current Health Order, Los Angeles County Code, and state law.

///

///

///

///

## FIRST CAUSE OF ACTION

### Violation of Emergency Health Officer Orders

*By the County and Dr. Davis Against All Defendants and Does 1-50*

49.    Plaintiffs re-allege and incorporate by reference each and every one of the allegations contained in Paragraphs 1 through 48 of this Complaint.

50.    COVID-19 has created both a health emergency as defined by Health & Safety Code section 101080 and a local emergency as defined by Government Code section 8558. On March 4, 2020, Governor Gavin Newsom proclaimed a State of Emergency in California as a result of COVID-19. The County Board of Supervisors proclaimed a local emergency the same day, and Dr. Davis also declared a local health emergency.

51.    California Health and Safety Code section 101040(a) provides: "The local health officer may take any preventative measure that may be necessary to protect and preserve the public health from any public health hazard during any 'state of war emergency,' 'state of emergency,' or 'local emergency,' as defined by Section 8558 of the Government Code, within his or her jurisdiction."

52.    Health and Safety Code section 120175 states that a health officer who knows or has reason to believe that any contagious, infectious, or communicable disease exists, or recently existed, "shall take measures as may be necessary to prevent the spread of the disease or occurrence of additional cases."

53.    Title 17, California Code of Regulations, section 2501(a), states "the local health officer shall take whatever steps deemed necessary for the investigation and control of the disease, condition or outbreak reported."

54.    Los Angeles County Code, section 8.04.948 provides in pertinent part: "Any person who, after notice, violates, or who, upon demand of the health officer, refuses or neglects to conform to any rule, regulation, order or directive prescribed by the health officer, may be enjoined from such violation by any court of competent jurisdiction. The remedy provided by this section is cumulative to any other remedy provided by law. A civil action to enforce the provision of this section may be brought by the county counsel..."

55.    As set forth above, the County Health Officer has the authority under the law to promulgate orders to protect the public health, including prohibiting the outdoor and indoor dining operations at restaurants and requiring restaurants to take certain safety measures in the face of a public health crisis such as the one currently faced.

56.    Since March 2020 the County Health Officer exercised his authority to issue numerous Health Orders as set forth above to protect public health and safety from COVID-19 and to curtail the transmission of the highly transmissible and deadly novel coronavirus.

57.    As set forth above and on information and belief, since at least December 22, 2020, Defendants and Does 1-50 continually and on a daily basis violated, and continue to violate, the Health Orders by, among other violations: operating outdoor and indoor dining at Novo Café; failing to require restaurant patrons, customers, and guests to wear face coverings; failing to require restaurant employees to wear face coverings; failing to post appropriate COVID-19 protocols near entrance of the restaurant; failing to post signage at the entrance informing restaurant customers of COVID-19 requirements; failing to implement physical distancing measures; failing to discontinue providing entertainment to restaurant customers; failing to display a valid Public Health Permit; failing to maintain the Notice of Closure sign clearly visible to the general public and patrons; failing to close, and operating on a suspended Public Health Permit; failing to close, and operating on a revoked Public Health Permit; and are continuing to violate the Health Orders.  Defendants violated the Health Orders despite numerous demands that they cease their violations immediately.

58.    County and Dr. Davis cannot be fully compensated in damages and is without a plain, speedy, or adequate remedy at law because the exact amount of damages to the general public's health, safety, and welfare is not ascertainable.

59.    Unless Defendants are restrained and enjoined by order of this court and/or the court provides other equitable relief permissible by law, Defendants will continue to operate in violation of the Health Orders.

/ / /

/ / /

## SECOND CAUSE OF ACTION

### Public Nuisance Abatement

**(Los Angeles County Code §§ 1.23.010 *et seq.*; 8.04.930 *et seq.*; and 11.02.010 *et seq.*)**

*By the County and Dr. Davis Against All Defendants and Does 1-50*

60.     Plaintiffs re-allege and incorporate by reference each and every one of the allegations contained in Paragraphs 1 through 59 of this Complaint.

61.     Los Angeles County Code section 1.23.040, Public Nuisance Defined, states: "Any condition on a property that is maintained in violation of any provision of Titles 7 through 32 of this code shall be deemed unlawful and a public nuisance and may be abated as such."

62.     Los Angeles County Code section 1.23.050, Maintaining Public Nuisance Unlawful, states: "No person shall cause, maintain, or permit to be caused or maintained a public nuisance, as defined in this chapter, on any property, and every day such public nuisance continues shall be regarded as a new and separate violation."

63.     Los Angeles County Code section 1.23.060, Public Nuisance Abatement, Officer Responsible, states: "The County Counsel may commence an action and/or proceeding for abatement, removal, or enjoinment of any public nuisance, and may take such other steps as necessary and may apply to any court as may have jurisdiction to grant relief for such abatement, removal, or enjoinment. Any person violating any provision of this chapter may be subject to administrative enforcement, civil prosecution and/or criminal prosecution."

64.     Los Angeles County Code section 1.23.080, Attorneys' Fees, states: "The prevailing party in any action or proceeding commenced by the County to abate a public nuisance shall be authorized to recover attorneys' fees. Recovery of attorneys' fees shall be limited to those actions or proceedings in which the County elects, at the initiation of that individual action or proceeding, to seek recovery of its own attorneys' fees. In no action or proceeding shall an award of attorneys' fees to a prevailing party exceed the amount of reasonable attorneys' fees incurred by the County in the action or proceeding."

65.     Los Angeles County Code section 1.23.090, Civil Penalties, states in pertinent part: "Any person who causes, maintains, or permits to be caused or maintained a public nuisance on

1   any property shall be liable for a civil penalty for each day or part thereof that said public nuisance

2   occurs. The County Counsel may seek the recovery of such civil penalties for the County in any

3   civil proceeding described in Section 1.23.060. (A) For each violation described in Section

4   1.23.040 that would otherwise constitute a misdemeanor under this code, the civil penalty shall not

5   exceed one thousand dollars ($1,000)…"

6          66.    Los Angeles County Code section 1.23.110, Cumulative Remedies, states: "The

7   remedies provided for in this chapter are nonexclusive and are cumulative with any other remedy

8   available to the County as provided for by law for the protection of the health, safety, and welfare

9   of the people of the County of Los Angeles."

10         67.    Los Angeles County Code section 8.04.932, Business without a public health

11  license or permit prohibited, states: "No person shall engage in, conduct, manage or carry on any

12  business or other activity for which a license or permit is required by this chapter if: (A) He or she

13  does so without having, pursuant to the provisions of this chapter, procured a license or permit to

14  do so and paid the fee required; or (B) If such license or permit has expired, been suspended,

15  revoked, or denied."

16         68.    Los Angeles County Code section 8.04.934, Operating without a public health

17  license or permit—Deemed misdemeanor—Penalty, states in pertinent part: "A violation

18  of Section 8.04.932 is a misdemeanor punishable by fine, or imprisonment in the county jail for a

19  period not exceeding six months, or both . . ."

20         69.    Los Angeles County Code section 8.04.936, Operating without a public health

21  license or permit—Injunctive relief, states: "Any person violating Section 8.04.932 may be

22  enjoined from such violation by any court of competent jurisdiction. The remedy provided by this

23  section is cumulative to any other remedy provided by law."

24         70.    Los Angeles County Code, section 8.04.942, Operating without a public health

25  license or permit—Civil penalty, states in pertinent part: "(A) Any person who violates Section

26  8.04.932 shall be liable for a civil penalty recoverable in a civil action by the county health officer:

27  (1) In an amount not less than $100.00 for the first violation; and (2) In an amount not less than

28  $500.00 for the second and any subsequent violation . . ."

71.     Los Angeles County Code section 8.04.943, Public health permit suspension or revocation—Notice of closure, states: "(A) Upon issuance of a written notice of suspension or revocation of the public health permit by the county health officer, the health officer shall post a notice of closure at the food facility so as to be clearly visible to the general public and to patrons. (B) Upon issuance of the written notice of suspension or revocation of the public health permit by the county health officer, the food facility shall immediately close to the general public and to patrons and shall discontinue all operations until the public health permit has been reissued or reinstated by order of the county health officer or until the facility no longer operates as a food facility. (C) The notice of closure shall remain posted until removed by the county health officer. Removal of the notice of closure by any person other than the county health officer or the refusal of a food facility to close upon issuance of the written notice of suspension of the public health permit is a violation of this chapter and may result in the suspension or revocation of the food facility's public health permit and shall be punishable as specified in Section 8.04.930."

72.     Los Angeles County Code section 8.04.944, Continuing violations, states: "Where the conduct consisting of a violation of Section 8.04.932 or 8.04.938 is of a continuing nature, each day of such conduct is a separate and distinct violation."

73.     Los Angeles County Code section 8.04.947 provides in pertinent part: "All persons shall obey all rules, regulations, orders or directives of the health officer. . ."

74.     Los Angeles County Code section 11.02.060, Interfering with director's duties prohibited, states in pertinent part: "No person . . . shall refuse to obey any lawful order of the director of public health made in the performance of his duties within the power conferred upon him by state law or by Division 1 of this title."

75.     Los Angeles County Code section 11.02.080, Violation—Penalty, states: "Violation of Division 1 of Title 11 is punishable by a fine of not more than $500.00, or by imprisonment in the County Jail for not more than six months, or by both such fine and imprisonment. Each day during any portion of which any violation of any provision of this Division 1 is committed, continued or permitted makes such violation of a separate offense."

///

76.    Los Angeles County Code, section 11.02.190 provides: "Whenever a nuisance or condition endangering the public health shall be ascertained to exist on any premises, or in any house, or any other place, the director shall notify in writing the person having control of or acting as agent for such premises, house or other place, to abate or remove such nuisance or condition within a reasonable time, to be stated on such notice. Upon the neglect or refusal of such person to comply with such notice, the director may abate such nuisance or condition, and the person having control of such house, premises or place, in addition to the penalties provided by this Division 1, shall be liable to the county of Los Angeles for the cost of such abatement, to be recovered in a civil action in any court of competent jurisdiction."

77.    As set forth above and on information and belief, since at least December 22, 2020 and on an ongoing basis, Defendants and Does 1-50 continually and on a daily basis caused, maintained, or permitted to be caused or maintained, a public nuisance at Novo Café by committing numerous and ongoing violations of Health Orders and the Los Angeles County Code, including but not limited to: operating outdoor and indoor dining at Novo Café; failing to require restaurant patrons, customers, and guests to wear face coverings; failing to require restaurant employees to wear face coverings; failing to post appropriate COVID-19 protocols near entrance of the restaurant; failing to post signage at the entrance informing restaurant customers of COVID-19 requirements; failing to implement physical distancing measures; failing to discontinue providing entertainment to restaurant customers; failing to display a valid Public Health Permit; failing to maintain the Notice of Closure sign clearly visible to the general public and patrons; failing to close, and operating on a suspended Public Health Permit; failing to close, and operating on a revoked Public Health Permit; and are continuing to violate the Los Angeles County Code and Health Orders.

78.    Defendants' violations were and continue to be a "public nuisance" as defined under Los Angeles County Code section 1.23.040, and Defendants have maintained, or permitted to be caused or maintained a public nuisance in violation of section 1.23.050. Therefore, the Defendants are subject to court-ordered nuisance abatement, and liable to Plaintiffs for Plaintiffs' costs of nuisance abatement and attorneys' fees.

79.     Plaintiffs County and Dr. Davis cannot be fully compensated in damages and are without a plain, speedy, or adequate remedy at law because the exact amount of damages to the general public's health, safety, and welfare is not ascertainable.

80.     Unless Defendants are restrained and enjoined by order of this court and/or the court provides other equitable relief permissible by law, Defendants will continue to operate their restaurant in violation of the Health Orders, Los Angeles County Code, and state law.

81.     Plaintiffs County and Dr. Davis are entitled to abate these nuisances, and recover the cost of abatement from Defendants, pursuant to Los Angeles County Code sections 1.23.060, 8.04.948, and 11.02.190.  Furthermore, each Defendant is subject to civil penalties up to $1,000 a day for each day or part thereof that said public nuisance occurred and occurs, pursuant to Los Angeles County Code section 1.23.090 (A).  Finally, the prevailing party is entitled to attorneys' fees pursuant to section 1.23.080.

### THIRD CAUSE OF ACTION

**Operating on a Suspended or Revoked Public Health Permit**

**(Violation of Los Angeles County Code §§ 8.04.932, 8.04.943, 8.04.946; Health and Safety Code §§ 114381, 114387, 114405)**

***By the County and Dr. Davis Against Defendants and Does 1-50***

82.     Plaintiffs re-allege and incorporate by reference each and every one of the allegations contained in Paragraphs 1 through 81 of this Complaint.

83.     Los Angeles County Code section 8.04.945 provides: "Any public health permit issued pursuant to this chapter may be suspended or revoked in accordance with the procedures set forth in California Health and Safety Code Section 113950 et seq."

84.     Los Angeles County Code section 8.04.946(A) provides: "Any public health license issued pursuant to this chapter may be suspended or revoked by the county health officer for a violation of the Los Angeles County Code or the California Health and Safety Code, or both. Any business or occupation for which the public health license has been suspended or revoked shall close and remain closed until the license has been reinstated or reissued."

///

85.     California Health and Safety Code section 114381(a) provides: "A food facility shall not be open for business without a valid permit."

86.     California Health and Safety Code section 114405(a) provides: "A permit may be suspended or revoked by a local enforcement officer for a violation of this part. Any food facility or cottage food operation for which the permit has been suspended shall close and remain closed until the permit has been reinstated. Any food facility or cottage food operation for which the permit has been revoked shall close and remain closed until a new permit has been issued."

87.     California Health and Safety Code section 114387 provides: "violators who operate without the necessary permits shall be subject to closure of the food facility."

88.     As set forth above and on information and belief, since December 31, 2020, Defendants have continually and on a daily and ongoing basis continued to operate the Novo Café restaurant after its Public Health Permit was suspended and/or revoked. Defendants failed to immediately close Novo Café when its Public Health Permit was suspended, and later revoked, and to maintain the Notice of Closure sign visible to the general public and patrons. As of the date of this filing, Novo Café's Public Health Permit remains revoked and Defendants have failed to obtain a new permit. Despite Novo Café's Public Health Permit being suspended and revoked, numerous citations and written directives to close immediately, and a cease and desist letter from County Counsel, Defendants continue to illegally operate Novo Café without a Public Health Permit.

89.     Plaintiffs County and Dr. Davis cannot be fully compensated in damages and are without a plain, speedy, or adequate remedy at law because the exact amount of damages to the general public's health, safety, and welfare is not ascertainable.

90.     Unless Defendants are restrained and enjoined by order of this court and/or the court provides other equitable relief permissible by law, Defendants will continue to illegally operate Novo Café in violation of the County Code, state law, and Health Orders.

91.     Pursuant to Los Angeles County Code section 8.04.944, where the conduct consisting of a violation of sections 8.04.932 or 8.04.938 is of a continuing nature, each day of such conduct is a separate and distinct violation.

HOA.103493700.10

-19-
COMPLAINT

92.     Pursuant to Los Angeles County Code section 8.04.942, each Defendant should be penalized for his/her/their unlawful conduct and shall be liable for a civil penalty in an amount not less than $100 for the first violation, and not less than $500 for the second and any subsequent violation.

### FOURTH CAUSE OF ACTION

**Public Nuisance Abatement**

**(Code of Civil Procedure § 731)**

*By the People Against All Defendants and Does 1-50*

93.     Plaintiff People re-allege and incorporate by reference each and every one of the allegations contained in Paragraphs 1 through 92 of this Complaint.

94.     As set forth above and on information and belief, since at least December 22, 2020 and on an ongoing basis, Defendants and Does 1-50 continually and on a daily basis caused, maintained, or permitted to be caused or maintained, a public nuisance at Novo Café by committing numerous and ongoing violations of Health Orders, the Los Angeles County Code, and state law, including but not limited to: operating outdoor and indoor dining at Novo Café; failing to require restaurant patrons, customers, and guests to wear face coverings; failing to require restaurant employees to wear face coverings; failing to post appropriate COVID-19 protocols near the entrance of the restaurant; failing to post signage at the entrance informing restaurant customers of COVID-19 requirements; failing to implement physical distancing measures; failing to discontinue providing entertainment to restaurant customers; failing to display a valid Public Health Permit; failing to maintain the Notice of Closure sign clearly visible to the general public and patrons; failing to close, and operating on a suspended Public Health Permit; failing to close, and operating on a revoked Public Health Permit; and are continuing to violate the Los Angeles County Code, state law, and Health Orders.

95.     By failing to comply with the Health Orders, Los Angeles County Code, and state law that are designated to combat the spread of COVID-19, Defendants have committed and are committing a public nuisance per se.

///

96.     Based on the number of persons who have already been infected, been hospitalized, and/or died because of COVID-19 in the County and the coronavirus's extremely high rate of transmission, the Defendants' violations of the Health Order are egregiously injurious to the health and safety of Los Angeles County residents and have likely led to and will likely continue to lead to additional infections, illness, hospitalizations, and death, thus constituting a public nuisance that must be abated immediately.

97.     The People cannot be fully compensated in damages and are without a plain, speedy, or adequate remedy at law because the exact amount of damages to the general public's health, safety, and welfare is not ascertainable.

98.     Unless Defendants are restrained and enjoined by order of this court and/or the court provides other equitable relief permissible by law, Defendants will perpetuate the public nuisance at Novo Café and in the County by continuing its operation in violation of the Health Orders, Los Angeles County Code, and state law.

## FIFTH CAUSE OF ACTION

### Unlawful Business Practices

### (Business and Professions Code § 17200 – Unfair Business Practices)

#### By the People Against All Defendants and Does 1-50

99.     Plaintiff People re-allege and incorporate by reference each and every one of the allegations contained in Paragraphs 1 through 98 of this Complaint.

100.    As set forth above and on information and belief, since December 22, 2020, Defendants and Does 1-50 continually and on an on-going and daily basis violated, and continue to violate, the Health Orders by, among other violations: operating outdoor and indoor dining at Novo Café; failing to require restaurant patrons, customers, and guests to wear face coverings; failing to require restaurant employees to wear face coverings; failing to post appropriate COVID-19 protocols near entrance of the restaurant; failing to post signage at the entrance informing restaurant customers of COVID-19 requirements; failing to implement physical distancing measures; failing to discontinue providing entertainment to restaurant customers; failing to display a valid Public Health Permit; failing to maintain the Notice of Closure sign clearly visible to the

1  general public and patrons; failing to close, and operating on a suspended Public Health Permit;

2  failing to close, and operating on a revoked Public Health Permit; and are continuing to violate the

3  Health Orders, Los Angeles County Code, and state law.

4       101.    Defendants' violations of the Health Orders, Los Angeles County Code, and state

5  law, as described above, during the ongoing COVID-19 pandemic when a vast majority of other

6  restaurants in Los Angeles County abided by the law and public safety health orders, demonstrate

7  a pattern and practice of unlawful conduct constituting unlawful business practices and unfair

8  competition prohibited by Business and Professions Code sections 17200 *et seq.* and applicable

9  case law.

10       102.    The People bring this action to protect the public as consumers and competitors

11  from the unlawful business practices committed by Defendants.

12       103.    As a direct and proximate result of the foregoing acts and practices, Defendants

13  have received income, profit, and other benefits, which they would not have received had they not

14  violated the Health Orders, County Code, state law, and Business and Professions Code sections

15  17200 *et seq.*

16       104.    By operating in violation of the Health Orders, Los Angeles County Code sections

17  1.23.050, 8.04.932, 8.04.943, 8.04.947, and 11.02.060, and Health and Safety Code sections

18  114381 and 114405(a), Defendants obtained an unfair advantage over other restaurants in Los

19  Angeles County, who were complying with such orders and laws.

20       105.    The People have no adequate remedy at law in that damages are insufficient to

21  protect the public from the future danger and harm caused by the acts and practices described in

22  this Complaint.

23       106.    Unless injunctive relief is granted to enjoin the future unlawful business practices

24  of the Defendants, the People will suffer irreparable injury and damage.

25       107.    The People are entitled to civil penalties under Business and Professions Code

26  section 17206 of up to $2500 per day to penalize Defendants for each of their violations which

27  constitute unfair competition.

28  / / /

1 **PRAYER FOR RELIEF**

2     **WHEREFORE**, Plaintiffs pray for judgment as follows:

3     (1)    That the operation of Novo Café be declared a continuing public nuisance pursuant

4 to Los Angeles County Code section 1.23.040 and Civil Code sections 3479 and 3480;

5     (2)    For temporary and permanent injunctive relief prohibiting each Defendant, as well

6 as all of his/her/their agents, officers, and employees from operating or allowing the operation of

7 Novo Café in a manner that violates the Health Orders;

8     (3)    For temporary and permanent injunctive relief ordering the closure of the Novo

9 Café restaurant until all requisite public health permits are obtained and compliance with all public

10 health and safety laws and orders is achieved;

11     (4)    For an abatement order requiring Defendants, as well as their agents, officers, and

12 employees, to undertake the necessary remedial measures to bring Novo Café into compliance

13 with state law, the Los Angeles County Code, and the Health Orders with respect to permitted

14 restaurant operations;

15     (5)    For injunctive relief requiring Defendants, as well as their agents, officers, and

16 employees, to allow the County Health Officer, or his designees, to enter the subject properties to

17 verify compliance with the Health Orders, Los Angeles County Code, and state law;

18     (6)    That Defendants, each jointly and separately, be ordered to pay civil penalties for

19 each day they permitted the use of the Property in a manner that violated the Los Angeles County

20 Code, pursuant to County Code sections 1.23.090 and 8.04.942;

21     (7)    That Defendants, each jointly and separately, be ordered to pay a civil penalty of

22 $2,500 for each act of unfair competition or unlawful competition pursuant to Business and

23 Professions Code section 17206 for each day they operated their restaurant in violation of the

24 County Code, state law, and the Health Orders;

25     (8)    That Defendants, each jointly and separately, be ordered to pay attorneys' fees,

26 pursuant to County Code section 1.23.080;

27 / / /

28 / / /

1      (9)    That Defendants, each jointly and separately, be ordered to pay the costs of the suit;

2 and

3      (10)   For such other and further relief as is just and proper.

4

5 DATED: January 5, 2022              Respectfully submitted,

6                              RODRIGO A. CASTRO-SILVA

7                              County Counsel

8

9                            By    *Elliot Min*

10                                ELLIOT H. MIN
                               PETER LEE

11

12                              Attorneys for COUNTY OF LOS ANGELES,
                             MUNTU DAVIS, M.D., M.P.H., in his capacity as

13                              Health Officer of Los Angeles, and THE PEOPLE
                             OF THE STATE OF CALIFORNA

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2019-GEN-014-00

**FILED**
Superior Court of California
County of Los Angeles

MAY 03 2019

Sherri R. Carter, Executive Officer/Clerk

By_____, Deputy
Rizalinda Mina

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| IN RE LOS ANGELES SUPERIOR COURT ) | FIRST AMENDED GENERAL ORDER |
| — MANDATORY ELECTRONIC FILING ) | |
| FOR CIVIL ) | |

On December 3, 2018, the Los Angeles County Superior Court mandated electronic filing of all documents in Limited Civil cases by litigants represented by attorneys. On January 2, 2019, the Los Angeles County Superior Court mandated electronic filing of all documents filed in Non-Complex Unlimited Civil cases by litigants represented by attorneys. (California Rules of Court, rule 2.253(b).) All electronically filed documents in Limited and Non-Complex Unlimited cases are subject to the following:

1) DEFINITIONS

   a) **"Bookmark"**  A bookmark is a PDF document navigational tool that allows the reader to quickly locate and navigate to a designated point of interest within a document.

   b) **"Efiling Portal"**  The official court website includes a webpage, referred to as the efiling portal, that gives litigants access to the approved Electronic Filing Service Providers.

   c) **"Electronic Envelope"**  A transaction through the electronic service provider for submission of documents to the Court for processing which may contain one or more PDF documents attached.

   d) **"Electronic Filing"**  Electronic Filing (eFiling) is the electronic transmission to a Court of a document in electronic form. (California Rules of Court, rule 2.250(b)(7).)

2019-GEN-014-00

e) **"Electronic Filing Service Provider"**  An Electronic Filing Service Provider (EFSP) is a person or entity that receives an electronic filing from a party for retransmission to the Court. In the submission of filings, the EFSP does so on behalf of the electronic filer and not as an agent of the Court.  (California Rules of Court, rule 2.250(b)(8).)

f) **"Electronic Signature"**  For purposes of these local rules and in conformity with Code of Civil Procedure section 17, subdivision (b)(3), section 34, and section 1010.6, subdivision (b)(2), Government Code section 68150, subdivision (g), and California Rules of Court, rule 2.257, the term "Electronic Signature" is generally defined as an electronic sound, symbol, or process attached to or logically associated with an electronic record and executed or adopted by a person with the intent to sign the electronic record.

g) **"Hyperlink"**  An electronic link providing direct access from one distinctively marked place in a hypertext or hypermedia document to another in the same or different document.

h) **"Portable Document Format"**  A digital document format that preserves all fonts, formatting, colors and graphics of the original source document, regardless of the application platform used.

2) MANDATORY ELECTRONIC FILING

a) Trial Court Records

Pursuant to Government Code section 68150, trial court records may be created, maintained, and preserved in electronic format.  Any document that the Court receives electronically must be clerically processed and must satisfy all legal filing requirements in order to be filed as an official court record (California Rules of Court, rules 2.100, et seq. and 2.253(b)(6)).

b) Represented Litigants

Pursuant to California Rules of Court, rule 2.253(b), represented litigants are required to electronically file documents with the Court through an approved EFSP.

c) Public Notice

The Court has issued a Public Notice with effective dates the Court required parties to electronically file documents through one or more approved EFSPs.  Public Notices containing effective dates and the list of EFSPs are available on the Court's website, at www.lacourt.org.

2

2019-GEN-014-00

d) Documents in Related Cases

Documents in related cases must be electronically filed in the eFiling portal for that case type if electronic filing has been implemented in that case type, regardless of whether the case has been related to a Civil case.

3) EXEMPT LITIGANTS

a) Pursuant to California Rules of Court, rule 2.253(b)(2), self-represented litigants are exempt from mandatory electronic filing requirements.

b) Pursuant to Code of Civil Procedure section 1010.6, subdivision (d)(3) and California Rules of Court, rule 2.253(b)(4), any party may make application to the Court requesting to be excused from filing documents electronically and be permitted to file documents by conventional means if the party shows undue hardship or significant prejudice.

4) EXEMPT FILINGS

a) The following documents shall not be filed electronically:

   i)   Peremptory Challenges or Challenges for Cause of a Judicial Officer pursuant to Code of Civil Procedure sections 170.6 or 170.3;

   ii)  Bonds/Undertaking documents;

   iii) Trial and Evidentiary Hearing Exhibits

   iv)  Any ex parte application that is filed concurrently with a new complaint including those that will be handled by a Writs and Receivers department in the Mosk courthouse; and

   v)   Documents submitted conditionally under seal. The actual motion or application shall be electronically filed. A courtesy copy of the electronically filed motion or application to submit documents conditionally under seal must be provided with the documents submitted conditionally under seal.

b) Lodgments

Documents attached to a Notice of Lodgment shall be lodged and/or served conventionally in paper form. The actual document entitled, "Notice of Lodgment," shall be filed electronically.

//

//

3

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

2019-GEN-014-00

5) ELECTRONIC FILING SYSTEM WORKING PROCEDURES

Electronic filing service providers must obtain and manage registration information for persons and entities electronically filing with the court.

6) TECHNICAL REQUIREMENTS

   a) Electronic documents must be electronically filed in PDF, text searchable format **when** technologically feasible without impairment of the document's image.

   b) The table of contents for any filing must be bookmarked.

   c) Electronic documents, including but not limited to, declarations, proofs of service, and exhibits, must be bookmarked within the document pursuant to California Rules of Court, rule 3.1110(f)(4). Electronic bookmarks must include links to the first page of each bookmarked item (e.g. exhibits, declarations, deposition excerpts) and with bookmark titles that identify the bookedmarked item and briefly describe the item.

   d) Attachments to primary documents must be bookmarked. Examples include, but are not limited to, the following:

      i)   Depositions;

      ii)   Declarations;

      iii)  Exhibits (including exhibits to declarations);

      iv)  Transcripts (including excerpts within transcripts);

      v)   Points and Authorities;

      vi)  Citations; and

      vii)  Supporting Briefs.

   e) Use of hyperlinks within documents (including attachments and exhibits) is strongly encouraged.

   f) Accompanying Documents

Each document acompanying a single pleading must be electronically filed as a **separate** digital PDF document.

   g) Multiple Documents

Multiple documents relating to one case can be uploaded in one envelope transaction.

4

2019-GEN-014-00

h) Writs and Abstracts

Writs and Abstracts must be submitted as a separate electronic envelope.

i) Sealed Documents

If and when a judicial officer orders documents to be filed under seal, those documents must be filed electronically (unless exempted under paragraph 4); the burden of accurately designating the documents as sealed at the time of electronic submission is the submitting party's responsibility.

j) Redaction

Pursuant to California Rules of Court, rule 1.201, it is the submitting party's responsibility to redact confidential information (such as using initials for names of minors, using the last four digits of a social security number, and using the year for date of birth) so that the information shall not be publicly displayed.

7) ELECTRONIC FILING SCHEDULE

a) Filed Date

   i) Any document received electronically by the court between 12:00 am and 11:59:59 pm shall be deemed to have been effectively filed on that court day if accepted for filing. Any document received electronically on a non-court day, is deemed to have been effectively filed on the next court day if accepted.   (California Rules of Court, rule 2.253(b)(6); Code Civ. Proc. § 1010.6(b)(3).)

   ii) Notwithstanding any other provision of this order, if a digital document is not filed in due course because of:  (1) an interruption in service; (2) a transmission error that is not the fault of the transmitter; or (3) a processing failure that occurs after receipt, the Court may order, either on its own motion or by noticed motion submitted with a declaration for Court consideration, that the document be deemed filed and/or that the document's filing date conform to the attempted transmission date.

8) EX PARTE APPLICATIONS

a) Ex parte applications and all documents in support thereof must be electronically filed no later than 10:00 a.m. the court day before the ex parte hearing.

2019-GEN-014-00

1   b) Any written opposition to an ex parte application must be electronically filed by 8:30 a.m. the

2   day of the ex parte hearing.  A printed courtesy copy of any opposition to an ex parte

3   application must be provided to the court the day of the ex parte hearing.

4   9) PRINTED COURTESY COPIES

5   a) For any filing electronically filed two or fewer days before the hearing, a courtesy copy must

6   be delivered to the courtroom by 4:30 p.m. the same business day the document is efiled.  If

7   the efiling is submitted after 4:30 p.m., the courtesy copy must be delivered to the courtroom

8   by 10:00 a.m. the next business day.

9   b) Regardless of the time of electronic filing, a printed courtesy copy (along with proof of

10   electronic submission) is required for the following documents:

11   i)   Any printed document required pursuant to a Standing or General Order;

12   ii)  Pleadings and motions (including attachments such as declarations and exhibits) of 26

13   pages or more;

14   iii) Pleadings and motions that include points and authorities;

15   iv)  Demurrers;

16   v)   Anti-SLAPP filings, pursuant to Code of Civil Procedure section 425.16;

17   vi)  Motions for Summary Judgment/Adjudication; and

18   vii) Motions to Compel Further Discovery.

19   c) Nothing in this General Order precludes a Judicial Officer from requesting a courtesy copy of

20   additional documents.  Courtroom specific courtesy copy guidelines can be found at

21   www.lacourt.org on the Civil webpage under "Courtroom Information."

22   10) WAIVER OF FEES AND COSTS FOR ELECTRONICALLY FILED DOCUMENTS

23   a) Fees and costs associated with electronic filing must be waived for any litigant who has

24   received a fee waiver.  (California Rules of Court, rules 2.253(b)(), 2.258(b), Code Civ. Proc. §

25   1010.6(d)(2).)

26   b) Fee waiver applications for waiver of court fees and costs pursuant to Code of Civil Procedure

27   section 1010.6, subdivision (b)(6), and  California Rules of Court, rule 2.252(f), may be

28   electronically filed in any authorized action or proceeding.

6

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

2019-GEN-014-00

1    11) SIGNATURES ON ELECTRONIC FILING

2         For purposes of this General Order, all electronic filings must be in compliance with California

3         Rules of Court, rule 2.257. This General Order applies to documents filed within the Civil

4         Division of the Los Angeles County Superior Court.

5

6             This First Amended General Order supersedes any previous order related to electronic filing,

7    and is effective immediately, and is to remain in effect until otherwise ordered by the Civil

8    Supervising Judge and/or Presiding Judge.

9

10   DATED:  May 3, 2019          KEVIN C. BRAZILE

11                                                    Presiding Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7
FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

### INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

#### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

#### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

#### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

#### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

#### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

#### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

#### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

#### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

#### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

#### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

#### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA**<br>**COUNTY OF LOS ANGELES** | Reserved for Clerk's File Stamp |
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>01/05/2022<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By:  H. Flores-Hernandez  Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br>**UNLIMITED CIVIL CASE** | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>22STCV00378 |

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✓ | Yolanda Orozco | 31 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 01/05/2022
   (Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By H. Flores-Hernandez _____, Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

by Code of Civil Procedure section 1054(a) without further need of a specific court order.

DATED: _May 11, 2011_

Carolyn B. Kuhl, Supervising Judge of the
Civil Departments, Los Angeles Superior Court

-3-

ORDER PURSUANT TO CCP 1054(a)

Whereas the Early Organizational Meeting Stipulation is intended to encourage cooperation among the parties at an early stage in litigation in order to achieve litigation efficiencies;

Whereas it is intended that use of the Early Organizational Meeting Stipulation will promote economic case resolution and judicial efficiency;

Whereas, in order to promote a meaningful discussion of pleading issues at the Early Organizational Meeting and potentially to reduce the need for motions to challenge the pleadings, it is necessary to allow additional time to conduct the Early Organizational Meeting before the time to respond to a complaint or cross complaint has expired;

Whereas Code of Civil Procedure section 1054(a) allows a judge of the court in which an action is pending to extend for not more than 30 days the time to respond to a pleading "upon good cause shown";

Now, therefore, this Court hereby finds that there is good cause to extend for 30 days the time to respond to a complaint or to a cross complaint in any action in which the parties have entered into the Early Organizational Meeting Stipulation. This finding of good cause is based on the anticipated judicial efficiency and benefits of economic case resolution that the Early Organizational Meeting Stipulation is intended to promote.

IT IS HEREBY ORDERED that, in any case in which the parties have entered into an Early Organizational Meeting Stipulation, the time for a defending party to respond to a complaint or cross complaint shall be extended by the 30 days permitted

-2-

ORDER PURSUANT TO CCP 1054(a)

# FILED

LOS ANGELES SUPERIOR COURT

MAY 1 1 2011

JOHN A. CLARKE, CLERK

BY NANCY NAVARRO, DEPUTY

### SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| General Order Re<br>Use of Voluntary Efficient Litigation<br>Stipulations | )<br>)<br>)<br>)<br>)<br>) | ORDER PURSUANT TO CCP 1054(a),<br>EXTENDING TIME TO RESPOND BY<br>30 DAYS WHEN PARTIES AGREE<br>TO EARLY ORGANIZATIONAL<br>MEETING STIPULATION |

Whereas the Los Angeles Superior Court and the Executive Committee of the

Litigation Section of the Los Angeles County Bar Association have cooperated in

drafting "Voluntary Efficient Litigation Stipulations" and in proposing the stipulations for

use in general jurisdiction civil litigation in Los Angeles County;

Whereas the Los Angeles County Bar Association Litigation Section; the Los

Angeles County Bar Association Labor and Employment Law Section; the Consumer

Attorneys Association of Los Angeles; the Association of Southern California Defense

Counsel; the Association of Business Trial Lawyers of Los Angeles; and the California

Employment Lawyers Association all "endorse the goal of promoting efficiency in

litigation, and ask that counsel consider using these stipulations as a voluntary way to

promote communications and procedures among counsel and with the court to fairly

resolve issues in their cases;"

-1-

ORDER PURSUANT TO CCP 1054(a)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

**THE COURT SO ORDERS.**

Date: _____

_____
JUDICIAL OFFICER

| Print | | Save | | Clear |
|---|---|---|---|---|

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                FAX NO. (Optional): | | |
| E-MAIL ADDRESS (Optional): | | |
| ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least ____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

| TELEPHONE NO.: | FAX NO. (Optional): | |

E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:

   ☐ Request for Informal Discovery Conference
   ☐ Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, briefly describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, briefly describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

|  |
|  |

LACIV 094 (new)
LASC Approved 04/11
For Optional Use

## INFORMAL DISCOVERY CONFERENCE
(pursuant to the Discovery Resolution Stipulation of the parties)

| Print | Save | | Clear |

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR _____ )

➢ _____
(ATTORNEY FOR _____ )

➢ _____
(ATTORNEY FOR _____ )

| Print | Save |
|---|---|

| Clear |
|---|

LACIV 036 (new)
LASC Approved 04/11
For Optional Use

**STIPULATION – DISCOVERY RESOLUTION**

Page 3 of 3

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

    iii.   Be filed within two (2) court days of receipt of the Request; and

    iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:  FAX NO. (Optional): E-MAIL ADDRESS (Optional): ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – DISCOVERY RESOLUTION** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i.  File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i.  Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h. Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i. Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lacourt.org* under "*Civil*" and then under "*General Information*").

2. The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
     (INSERT DATE)                                    (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3. The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

(ATTORNEY FOR _____)

Date:

_____
(TYPE OR PRINT NAME)

➤ (ATTORNEY FOR _____)

Date:

_____
(TYPE OR PRINT NAME)

➤ (ATTORNEY FOR _____)

| LACIV 229 (Rev 02/15) LASC Approved 04/11 | **STIPULATION – EARLY ORGANIZATIONAL MEETING** | Page 2 of 2 |
|---|---|---|
| Print    Save | | Clear |

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:       FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

    a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

    b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

    c. Exchange of names and contact information of witnesses;

    d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

    e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

    f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

    g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

### How to Arrange Mediation in Los Angeles County

Mediation for **civil cases** is voluntary and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**
   If all parties in an active civil case agree to mediation, they may contact these organizations
   to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected
   cases).

   - **ADR Services, Inc.** Case Manager Elizabeth Sanchez, elizabeth@adrservices.com
     (949) 863-9800
   - **JAMS, Inc.** Assistant Manager Reggie Joseph, RJoseph@jamsadr.com (310) 309-6209
   - **Mediation Center of Los Angeles** Program Manager info@mediationLA.org
     (833) 476-9145

**These organizations cannot accept every case and they may decline cases at their discretion.** They may
offer online mediation by video conference for cases they accept. Before contacting these organizations,
review important information and FAQs at www.lacourt.org/ADR.Res.List

**NOTE: The Civil Mediation Vendor Resource List program does not accept family law, probate or small
claims cases.**

b. **Los Angeles County Dispute Resolution Programs**
   https://hrc.lacounty.gov/wp-content/uploads/2020/05/DRP-Fact-Sheet-23October19-Current-as-of-October-2019-1.pdf

   Day of trial mediation programs have been paused until further notice.

   **Online Dispute Resolution (ODR).** Parties in small claims and unlawful detainer (eviction) cases
   should carefully review the Notice and other information they may receive about (ODR)
   requirements for their case.

c. Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

**3. Arbitration:** Arbitration is less formal than trial, but like trial, the parties present evidence and
arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's
decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a
trial after the arbitrator's decision. For more information about arbitration, visit
http://www.courts.ca.gov/programs-adr.htm

**4. Mandatory Settlement Conferences (MSC):** MSCs are ordered by the Court and are often held close
to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement
officer who does not make a decision but who instead assists the parties in evaluating the strengths and
weaknesses of the case and in negotiating a settlement. For information about the Court's MSC
programs for civil cases, visit http://www.lacourt.org/division/civil/C10047.aspx

Los Angeles Superior Court ADR website: http://www.lacourt.org/division/civil/C10109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

# Superior Court of California, County of Los Angeles

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE

THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.

CROSS-COMPLAINANTS must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

### What is ADR?

ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

### Advantages of ADR

- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR

- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

### Main Types of ADR

1. **Negotiation**: Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation**: In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may not be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

| SHORT TITLE: County of Los Angeles, et al. v. Lucanna, LLC, et al. | CASE NUMBER |
|---|---|

**Step 4:** **Statement of Reason and Address**: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (**No address required for class action cases**).

| REASON:<br><br>☐ 1. ☑ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7.  ☐ 8. ☐  9. ☐ 10. ☐ 11. | ADDRESS:<br>30770 Russell Ranch Road, Suite G |
|---|---|
| **CITY:** Westlake Village | **STATE:** CA | **ZIP CODE:** 91362 | |

**Step 5:** **Certification of Assignment:** I certify that this case is properly filed in the Stanley Mosk Courthouse, Central District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: 01/05/2022

*Eliot Min*
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4

| SHORT TITLE: County of Los Angeles, et al. v. Lucanna, LLC, et al. | | CASE NUMBER |
|---|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C  Applicable<br>Reasons - See Step 3<br>Above. |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus<br>☐ A6152  Writ - Mandamus on Limited Court Case Matter<br>☐ A6153  Writ - Other Limited Court Case Review | 2, 8<br>2<br>2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment<br>☐ A6160  Abstract of Judgment<br>☐ A6107  Confession of Judgment (non-domestic relations)<br>☐ A6140  Administrative Agency Award (not unpaid taxes)<br>☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112  Other Enforcement of Judgment Case | 2, 5, 11<br>2, 6<br>2, 9<br>2, 8<br>2, 8<br>2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only<br>☐ A6040  Injunctive Relief Only (not domestic/harassment)<br>☐ A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>☑ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8<br>2, 8<br>1, 2, 8<br>1, ☑ 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment With Damages<br>☐ A6123  Workplace Harassment With Damages<br>☐ A6124  Elder/Dependent Adult Abuse Case With Damages<br>☐ A6190  Election Contest<br>☐ A6110  Petition for Change of Name/Change of Gender<br>☐ A6170  Petition for Relief from Late Claim Law<br>☐ A6100  Other Civil Petition | 2, 3, 9<br>2, 3, 9<br>2, 3, 9<br>2<br>2, 7<br>2, 3, 8<br>2, 9 |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

| SHORT TITLE: County of Los Angeles, et al. v. Lucanna, LLC, et al. | | CASE NUMBER | |
|---|---|---|---|

| | **A** Civil Case Cover Sheet Category No. | **B** Type of Action (Check only one) | **C** Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017 Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025 Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024 Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109 Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008 Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028 Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002 Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012 Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034 Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015 Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009 Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031 Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027 Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300 Eminent Domain/Condemnation         Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018 Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032 Quiet Title | 2, 6 |
| | | ☐ A6060 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021 Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020 Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022 Unlawful Detainer-Drugs | 2, 6, 11 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 2 of 4

| SHORT TITLE: County of Los Angeles, et al. v. Lucanna, LLC, et al. | CASE NUMBER |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

| This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court. |
|---|

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Court Filing Location (Column C) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.

2. Permissive filing in central district.

3. Location where cause of action arose.

4. Mandatory personal injury filing in North District.

5. Location where performance required or defendant resides.

6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.

8. Location wherein defendant/respondent functions wholly.

9. Location where one or more of the parties reside.

10. Location of Labor Commissioner Office.

11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons<br>See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| Other Personal Injury/ Property Damage/Wrongful Death Tort | Asbestos (04) | ☐ A6070 Asbestos Property Damage | 1, 11 |
| | | ☐ A7221 Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260 Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240 Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250 Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270 Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET                    **CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
        Wrongful Death
Product Liability *(not asbestos or
    toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice–
        Physicians & Surgeons
    Other Professional Health Care
        Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip
        and fall)
    Intentional Bodily Injury/PD/WD
        (e.g., assault, vandalism)
    Intentional Infliction of
        Emotional Distress
    Negligent Infliction of
        Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
    Practice (07)
Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
Defamation (e.g., slander, libel)
    (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
        *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease
        Contract *(not unlawful detainer
            or wrongful eviction)*
    Contract/Warranty Breach–Seller
        Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
        Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
        Case
Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
    Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
        domain, landlord/tenant, or
        foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
        Case Matter
    Writ–Other Limited Court Case
        Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
        Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of
        County)
    Confession of Judgment *(non-
        domestic relations)*
    Sister State Judgment
    Administrative Agency Award
        *(not unpaid taxes)*
    Petition/Certification of Entry of
        Judgment on Unpaid Taxes
    Other Enforcement of Judgment
        Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
        harassment)*
    Mechanics Lien
    Other Commercial Complaint
        Case *(non-tort/non-complex)*
    Other Civil Complaint
        *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
    Governance (21)
Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
        Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
        Claim
    Other Civil Petition

CM-010 [Rev. July 1, 2007]                    **CIVIL CASE COVER SHEET**                    Page 2 of 2

Electronically FILED by Superior Court of California, County of Los Angeles on 01/05/2022 01:40 PM Sherri R. Carter, Executive Officer/Clerk of Court, by H. Flores-Hernandez, Deputy Clerk

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: 22STCV00378 | FOR COURT USE ONLY |
|---|---|
| Elliot H. Min (SBN 302597)<br>500 West Temple Street, Sixth Floor<br>Los Angeles, California 90012-2713<br><br>TELEPHONE NO.: (213) 418-5622　FAX NO. *(Optional):* (213) 680-2165<br>ATTORNEY FOR *(Name):* County of Los Angeles, et al. | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, California 90012
BRANCH NAME: Stanley Mosk Courthouse, Central District

CASE NAME:
County of Los Angeles, et al. v. Lucanna, LLC, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [x] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000) | [ ] Counter　[ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | 22STCV00378 |
| | | | | JUDGE: |
| | | | | DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400–3.403)** |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Construction defect (10) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | [ ] Insurance coverage claims arising from the |
| [ ] Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | types (41) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Enforcement of Judgment** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [x] Other complaint *(not specified above)* (42) |
| [ ] Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Petition re: arbitration award (11) | [ ] Other petition *(not specified above)* (43) |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is [x] is not　complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties　d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel　e. [ ] Coordination with related actions pending in one or more issues that will be time-consuming to resolve　　courts in other counties, states, or countries, or in a federal
   c. [ ] Substantial amount of documentary evidence　　court
   　　　　　　f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. [x] monetary b. [x] nonmonetary; declaratory or injunctive relief c. [x] punitive
4. Number of causes of action *(specify):* Five (5)
5. This case [ ] is [x] is not　a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: 01/05/2022

Elliot H. Min (SBN 302597)　　　　　　▶　*Elliot Min*
_____　　　　　_____
(TYPE OR PRINT NAME)　　　　　　　　　(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

## How to Arrange Mediation in Los Angeles County

Mediation for civil cases is voluntary and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**
   If all parties in an active civil case agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

   - **ADR Services, Inc.** Case Manager Elizabeth Sanchez, elizabeth@adrservices.com (949) 863-9800
   - **JAMS, Inc.** Assistant Manager Reggie Joseph, RJoseph@jamsadr.com (310) 309-6209
   - **Mediation Center of Los Angeles** Program Manager Info@mediationLA.org (833) 476-9145

These organizations cannot accept every case and they may decline cases at their discretion. They may offer online mediation by video conference for cases they accept. Before contacting these organizations, review important information and FAQs at www.lacourt.org/ADR.Res.List

NOTE: The Civil Mediation Vendor Resource List program does not accept family law, probate or small claims cases.

b. **Los Angeles County Dispute Resolution Programs**
   https://hrc.lacounty.gov/wp-content/uploads/2020/05/DRP-Fact-Sheet-23October19-Current-as-of-October-2019-1.pdf

   Day of trial mediation programs have been paused until further notice.

   **Online Dispute Resolution (ODR).** Parties in small claims and unlawful detainer (eviction) cases should carefully review the Notice and other information they may receive about (ODR) requirements for their case.

c. Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3. **Arbitration:** Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit http://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC):** MSCs are ordered by the Court and are often held close to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit http://www.lacourt.org/division/civil/C10047.aspx

Los Angeles Superior Court ADR website: http://www.lacourt.org/division/civil/C10109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

 **Superior Court of California, County of Los Angeles**

## ALTERNATIVE DISPUTE RESOLUTION (ADR)
## INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

### What is ADR?
ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

### Advantages of ADR
- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control (with the parties):** Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR
- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

### Main Types of ADR
1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.
   **Mediation may not be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

| SHORT TITLE | CASE NUMBER |
|---|---|

The following parties stipulate:

Date:

_____
(TYPE OR PRINT NAME)

> _____
> (ATTORNEY FOR PLAINTIFF)

Date:

_____
(TYPE OR PRINT NAME)

> _____
> (ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

> _____
> (ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

> _____
> (ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

> _____
> (ATTORNEY FOR _____)

Date:

_____
(TYPE OR PRINT NAME)

> _____
> (ATTORNEY FOR _____)

Date:

_____
(TYPE OR PRINT NAME)

> _____
> (ATTORNEY FOR _____)

THE COURT SO ORDERS.

Date:   _____

_____
JUDICIAL OFFICER

**STIPULATION AND ORDER – MOTIONS IN LIMINE**

This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

PLAINTIFF:

DEFENDANT:

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

1. This document relates to:
   - ☐ Request for Informal Discovery Conference
   - ☐ Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. For a Request for Informal Discovery Conference, **briefly** describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, **briefly** describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.

LACIV 094 (new)
LASC Approved 04/11
For Optional Use

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h. Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i. Whether the case is suitable for the Expedited Jury Trial procedures (see information at www.lacourt.org under "Civil" and then under "General Information").

2. The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at www.lacourt.org under "Civil", click on "General Information", then click on "Voluntary Efficient Litigation Stipulations".

3. The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____                     ► _____
        (TYPE OR PRINT NAME)                          (ATTORNEY FOR PLAINTIFF)

Date:

_____                     ► _____
        (TYPE OR PRINT NAME)                          (ATTORNEY FOR DEFENDANT)

Date:

_____                     ► _____
        (TYPE OR PRINT NAME)                          (ATTORNEY FOR DEFENDANT)

Date:

_____                     ► _____
        (TYPE OR PRINT NAME)                          (ATTORNEY FOR DEFENDANT)

Date:

_____                     ► _____
        (TYPE OR PRINT NAME)                          (ATTORNEY FOR _____)

Date:

_____                     ► _____
        (TYPE OR PRINT NAME)                          (ATTORNEY FOR _____)

Date:

_____                     ► _____
        (TYPE OR PRINT NAME)                          (ATTORNEY FOR _____)

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

**STIPULATION -- EARLY ORGANIZATIONAL MEETING**

This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.

The parties agree that:

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

The following parties stipulate:

Date: _____
_____
(TYPE OR PRINT NAME)

Date: _____
_____
(TYPE OR PRINT NAME)

Date: _____
_____
(TYPE OR PRINT NAME)

Date: _____
_____
(TYPE OR PRINT NAME)

Date: _____
_____
(TYPE OR PRINT NAME)

Date: _____
_____
(TYPE OR PRINT NAME)

Date: _____
_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR _____)

➤ _____
(ATTORNEY FOR _____)

➤ _____
(ATTORNEY FOR _____)

| | |
|---|---|

iii.    Be filed within two (2) court days of receipt of the Request; and

iv.    Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

c.    No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

d.    If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

e.    If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.    If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.    The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.    Nothing herein will preclude any party from applying ex parte for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.    Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.    References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

**STIPULATION – DISCOVERY RESOLUTION**

This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

LACIV 036 (new)
LASC Approved 04/11
For Optional Use

**STIPULATION – DISCOVERY RESOLUTION**

Page 1 of 3

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



Superior Court of California
County of Los Angeles



Los Angeles County
Bar Association
Litigation Section

Los Angeles County
Bar Association Labor and
Employment Law Section



Consumer Attorneys
Association of Los Angeles

Southern California
Defense Counsel

Association of
Business Trial Lawyers



California Employment
Lawyers Association

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.

◆Los Angeles County Bar Association Litigation Section◆

◆ Los Angeles County Bar Association
Labor and Employment Law Section◆

◆Consumer Attorneys Association of Los Angeles◆

◆Southern California Defense Counsel◆

◆Association of Business Trial Lawyers◆

◆California Employment Lawyers Association◆

LACIV 230 (NEW)
LASC Approved 4-11
For Optional Use

2019-OBEN-014-00

1   1) SIGNATURES ON ELECTRONIC FILING

2       For purposes of this General Order, all electronic filings must be in compliance with California

3   Rules of Court, rule 2.257. This General Order applies to documents filed within the Civil

4   Division of the Los Angeles County Superior Court.

5

6       This First Amended General Order supersedes any previous order related to electronic filing,

7   and is effective immediately, and is to remain in effect until otherwise ordered by the Civil

8   Supervising Judge and/or Presiding Judge.

9

10  DATED: May 3, 2019 

    KEVIN C. BRAZILE
    Presiding Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7

2019-GEN-014-00

b) Any written opposition to an ex parte application must be electronically filed by 8:30 a.m. the day of the ex parte hearing. A printed courtesy copy of any opposition to an ex parte application must be provided to the court the day of the ex parte hearing.

9) PRINTED COURTESY COPIES

a) For any filing electronically filed two or fewer days before the hearing, a courtesy copy must be delivered to the courtroom by 4:30 p.m. the same business day the document is efiled. If the efiling is submitted after 4:30 p.m., the courtesy copy must be delivered to the courtroom by 10:00 a.m. the next business day.

b) Regardless of the time of electronic filing, a printed courtesy copy (along with proof of electronic submission) is required for the following documents:

    i)    Any printed document required pursuant to a Standing or General Order;

    ii)   Pleadings and motions (including attachments such as declarations and exhibits) of 26 pages or more;

    iii)  Pleadings and motions that include points and authorities;

    iv)  Demurrers;

    v)   Anti-SLAPP filings, pursuant to Code of Civil Procedure section 425.16;

    vi)  Motions for Summary Judgment/Adjudication; and

    vii) Motions to Compel Further Discovery.

c) Nothing in this General Order precludes a Judicial Officer from requesting a courtesy copy of additional documents. Courtroom specific courtesy copy guidelines can be found at www.lacourt.org on the Civil webpage under "Courtroom Information."

10) WAIVER OF FEES AND COSTS FOR ELECTRONICALLY FILED DOCUMENTS

a) Fees and costs associated with electronic filing must be waived for any litigant who has received a fee waiver. (California Rules of Court, rules 2.253(b)(), 2.258(b), Code Civ. Proc. § 1010.6(d)(2).)

b) Fee waiver applications for waiver of court fees and costs pursuant to Code of Civil Procedure section 1010.6, subdivision (b)(6), and California Rules of Court, rule 2.252(f), may be electronically filed in any authorized action or proceeding.

6
FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

2019-GEN-014-00

b) Writs and Abstracts

Writs and Abstracts must be submitted as a separate electronic envelope.

i) Sealed Documents

If and when a judicial officer orders documents to be filed under seal, those documents must be filed electronically (unless exempted under paragraph 4); the burden of accurately designating the documents as sealed at the time of electronic submission is the submitting party's responsibility.

j) Redaction

Pursuant to California Rules of Court, rule 1.201, it is the submitting party's responsibility to redact confidential information (such as using initials for names of minors, using the last four digits of a social security number, and using the year for date of birth) so that the information shall not be publicly displayed.

7) ELECTRONIC FILING SCHEDULE

a) Filed Date

i) Any document received electronically by the court between 12:00 am and 11:59:59 pm shall be deemed to have been effectively filed on that court day if accepted for filing. Any document received electronically on a non-court day, is deemed to have been effectively filed on the next court day if accepted.   (California Rules of Court, rule 2.253(b)(6); Code Civ. Proc. § 1010.6(b)(3).)

ii) Notwithstanding any other provision of this order, if a digital document is not filed in due course because of:  (1) an interruption in service; (2) a transmission error that is not the fault of the transmitter; or (3) a processing failure that occurs after receipt, the Court may order, either on its own motion or by noticed motion submitted with a declaration for Court consideration, that the document be deemed filed and/or that the document's filing date conform to the attempted transmission date.

8) EX PARTE APPLICATIONS

a) Ex parte applications and all documents in support thereof must be electronically filed no later than 10:00 a.m. the court day before the ex parte hearing.

2019-GEN-014-00

5) ELECTRONIC FILING SYSTEM WORKING PROCEDURES

Electronic filing service providers must obtain and manage registration information for persons and entities electronically filing with the court.

6) TECHNICAL REQUIREMENTS

a) Electronic documents must be electronically filed in PDF, text searchable format when technologically feasible without impairment of the document's image.

b) The table of contents for any filing must be bookmarked.

c) Electronic documents, including but not limited to, declarations, proofs of service, and exhibits, must be bookmarked within the document pursuant to California Rules of Court, rule 3.1110(f)(4). Electronic bookmarks must include links to the first page of each bookmarked item (e.g. exhibits, declarations, deposition excerpts) and with bookmark titles that identify the bookedmarked item and briefly describe the item.

d) Attachments to primary documents must be bookmarked. Examples include, but are not limited to, the following:

   i) Depositions;

   ii) Declarations;

   iii) Exhibits (including exhibits to declarations);

   iv) Transcripts (including excerpts within transcripts);

   v) Points and Authorities;

   vi) Citations; and

   vii) Supporting Briefs.

e) Use of hyperlinks within documents (including attachments and exhibits) is strongly encouraged.

f) Accompanying Documents

Each document accompanying a single pleading must be electronically filed as a separate digital PDF document.

g) Multiple Documents

Multiple documents relating to one case can be uploaded in one envelope transaction.

4

2019-GEN-014-00

d) Documents in Related Cases

Documents in related cases must be electronically filed in the eFiling portal for that case type if electronic filing has been implemented in that case type, regardless of whether the case has been related to a Civil case.

3) EXEMPT LITIGANTS

a) Pursuant to California Rules of Court, rule 2.253(b)(2), self-represented litigants are exempt from mandatory electronic filing requirements.

b) Pursuant to Code of Civil Procedure section 1010.6, subdivision (d)(3) and California Rules of Court, rule 2.253(b)(4), any party may make application to the Court requesting to be excused from filing documents electronically and be permitted to file documents by conventional means if the party shows undue hardship or significant prejudice.

4) EXEMPT FILINGS

a) The following documents shall not be filed electronically:

   i) Peremptory Challenges or Challenges for Cause of a Judicial Officer pursuant to Code of Civil Procedure sections 170.6 or 170.3;

   ii) Bonds/Undertaking documents;

   iii) Trial and Evidentiary Hearing Exhibits

   iv) Any ex parte application that is filed concurrently with a new complaint including those that will be handled by a Writs and Receivers department in the Mosk courthouse; and

   v) Documents submitted conditionally under seal. The actual motion or application shall be electronically filed. A courtesy copy of the electronically filed motion or application to submit documents conditionally under seal must be provided with the documents submitted conditionally under seal.

b) Lodgments

Documents attached to a Notice of Lodgment shall be lodged and/or served conventionally in paper form. The actual document entitled, "Notice of Lodgment," shall be filed electronically.

//

//

3
FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

2019-GEN-014-00

1    e) **"Electronic Filing Service Provider"**  An Electronic Filing Service Provider (EFSP) is a

2    person or entity that receives an electronic filing from a party for retransmission to the Court.

3    In the submission of filings, the EFSP does so on behalf of the electronic filer and not as an

4    agent of the Court.  (California Rules of Court, rule 2.250(b)(8).)

5    f) **"Electronic Signature"**  For purposes of these local rules and in conformity with Code of

6    Civil Procedure section 17, subdivision (b)(3), section 34, and section 1010.6, subdivision

7    (b)(2), Government Code section 68150, subdivision (g), and California Rules of Court, rule

8    2.257, the term "Electronic Signature" is generally defined as an electronic sound, symbol, or

9    process attached to or logically associated with an electronic record and executed or adopted

10    by a person with the intent to sign the electronic record.

11    g) **"Hyperlink"**  An electronic link providing direct access from one distinctively marked place

12    in a hypertext or hypermedia document to another in the same or different document.

13    h) **"Portable Document Format"**  A digital document format that preserves all fonts,

14    formatting, colors and graphics of the original source document, regardless of the application

15    platform used.

16  2) MANDATORY ELECTRONIC FILING

17    a) **Trial Court Records**

18    Pursuant to Government Code section 68150, trial court records may be created, maintained,

19    and preserved in electronic format.  Any document that the Court receives electronically must

20    be clerically processed and must satisfy all legal filing requirements in order to be filed as an

21    official court record (California Rules of Court, rules 2.100, et seq. and 2.253(b)(6)).

22    b) **Represented Litigants**

23    Pursuant to California Rules of Court, rule 2.253(b), represented litigants are required to

24    electronically file documents with the Court through an approved EFSP.

25    c) **Public Notice**

26    The Court has issued a Public Notice with effective dates the Court required parties to

27    electronically file documents through one or more approved EFSPs.  Public Notices containing

28    effective dates and the list of EFSPs are available on the Court's website, at www.lacourt.org.

2019-GEN-014-00

**FILED**
Superior Court of California
County of Los Angeles

MAY 03 2019

Sherri R. Carter, Executive Officer/Clerk

By _____, Deputy
Elizabeth Mina

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| IN RE LOS ANGELES SUPERIOR COURT ) — MANDATORY ELECTRONIC FILING FOR CIVIL | FIRST AMENDED GENERAL ORDER |

On December 3, 2018, the Los Angeles County Superior Court mandated electronic filing of all documents in Limited Civil cases by litigants represented by attorneys. On January 2, 2019, the Los Angeles County Superior Court mandated electronic filing of all documents filed in Non-Complex Unlimited Civil cases by litigants represented by attorneys. (California Rules of Court, rule 2.253(b).) All electronically filed documents in Limited and Non-Complex Unlimited cases are subject to the following:

1) **DEFINITIONS**

   a) **"Bookmark"** A bookmark is a PDF document navigational tool that allows the reader to quickly locate and navigate to a designated point of interest within a document.

   b) **"EFiling Portal"** The official court website includes a webpage, referred to as the efiling portal, that gives litigants access to the approved Electronic Filing Service Providers.

   c) **"Electronic Envelope"** A transaction through the electronic service provider for submission of documents to the Court for processing which may contain one or more PDF documents attached.

   d) **"Electronic Filing"** Electronic Filing (eFiling) is the electronic transmission to a Court of a document in electronic form. (California Rules of Court, rule 2.250(b)(7).)

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT C

NOTICE OF REMOVAL- 7

Massimo Forti and Tina Forti

Certified Mail #7021 1970 0002 1899 0222

On Behalf of:

NOVO CAFÉ` and LUCANNA, LLC
30770 Russell Ranch Road #G
Westlake Village California [91362]

Date: January 4, 2022

COUNTY OF LOS ANGELES PUBLIC HEALTH
5050 Commerce Drive
Baldwin Park, California 91706

Dear Barbara Ferrer, Director; Muntu Davis, Health Officer; Megan McClaire, Chief Deputy Director;
Lisa Frias, Director of Environmental Health; Jesus Urrutia, Chief Environmental Health Specialist.

We are receipt of ALL your Complaints and/or Citations.

## Constructive Notice To Cease and Desist Immediately

### Notice to Agent is Notice to Principal, Notice to Principal is Notice to Agent

**This Notice will serve as an active constitutional challenge to your authority to act in your official
and individual capacity.**

*Your Citations* have been **REFUSED, AND DENIED FOR FRAUD NUNC PRO TUNC.**

You are being charged with: violations of the United States Constitution. Particularly the 4th
Amendment for breach of privacy absent probably cause and without a judicial warrant signed by a
judge, the 5th Amendment, for the taking of our property without just compensation. **The unlawful
taking of our property over the last year (2021) has now totaled over $500,000.00 which you now
owe us for restitution for your violations. See Palazzolo v. Rhode Island 533 US 606, 150 L.Ed. 2d
592, 121 S.Ct. (2001).**

You are hereby put on **NOTICE** timely under the provisions of 4th and 5th Amendments to the United
States Constitution to Cease and Desist from further harassment and violations of our rights of privacy.

### NOTICE OF FACTS AND LAW:

[1]    We have reviewed the law related to the subject matter of the Complaints / Citations. Our
findings are these: We do not believe that we are a person with liability to or within the jurisdiction of
your agency, or within the legislative intent of your enacted or adoptive law, rules or regulations. And,
we do believe that the COUNTY OF LOS ANGELES PUBLIC HEALTH, the State of California and
the City and County of Los Angeles have abused, usurped or violated its authority which is defined and
limited by Article 1, Section 8 Clause 17 and Article 1, Section 10 of the Constitution for the United

States of America and the California Constitution;

[2]    We have reviewed our legal relationships, political engagements, commercial obligations, and contracts, and we deny that we have any obligations to, the California Health and Safety Codes or the County of Los Angeles's Health Code from any perspective;

[3]    We have no documents or evidence that show that the County of Los Angeles, or the State of California have any signature(s) given by us, or our predecessor(s) as Trustee, by which the County of Los Angeles or the State of California have obtained consent, granting  any police powers or the assumption of liability for the charges in the Complaints / Citations, nor that said Complaints / Citations is **not** *void ab initio* for fraud in the factum, fraud in the inducement and fraud upon NOVO CAFE and LUCANNA, LLC, we believe that none exists;

[4]    "It is a well-established principle of law that all federal legislation applies only within the territorial jurisdiction of the "United States" unless a contrary intent appears." Foley Brothers v. Filardo 336 US 281 (1948). We have no documents or other evidence that the Foley v. Filardo does not apply to the County of Los Angeles and the State of California as a sub-division of the "United States", confining its agents and agencies within the limits of the legislative intent, extending even to adopt uniform laws, and we believe that none exists;

[5]    It is a principle of law that, once challenged, the person asserting jurisdiction must prove that jurisdiction exists as a matter of law. We have no documents or evidence that this duty to prove jurisdiction does not extend to the County of Los Angeles, The State of California and we believe that none exists;

[6]    Title 5 of the "United States" Code, the bylaws of the Federal Corporation "United States", and its California equivalent state as follows: "When jurisdiction is challenged, the burden of proof is on the government."

Also please take notice of the following:

McNut v. G.M. 57 S. Ct. 789, 80 L Ed 1135,    Griffin v. Mathews 423 F 2d 272
Basso v. U.P.S. 49 F 2d 906,    Tomson v. Gaskie 67 S. Ct. 673 83 L Ed 111

*Payment for your alleged fines are void for violations 31 U.S. Sec. 3124 – Obligations of the United States.*

[7]    It is an established fact that the United States Federal Government [and all of its 51 municipal STATES] has been dissolved by the Emergency Banking Act, March 9, 1933, 48 Stat. 1, Public Law

89-719; declared by President Roosevelt, being bankrupt and insolvent. H.J.R. 192, 73rd Congress in

session June 5, 1933 - Joint Resolution To Suspend The Gold Standard and Abrogate The Gold Clause

dissolved the Sovereign Authority of the United States and the official capacities of all United States

Governmental Offices, Officers, and Departments and is further evidence that the United States Federal

Government exists today in name only, and is commencing all court processes under admiralty and

maritime law. See attached and incorporated herein as **Exhibit A;**

[8]     See 28 USC 3002 - Definitions.

(14)  "State" means any of the several States, the District of Columbia, the Commonwealth of Puerto

Rico, the Commonwealth of the Northern Marianas, or any territory or possession of the United States.

(15) "United States" means—

**(A) A Federal corporation;**

(B) An agency, department, commission, board, or other entity of the United States; or

(C) An instrumentality of the United States;

[9]     We, Massimo Forti and Tina Forti do not support the federal international bankruptcy declared

Legislatively by HJR-192, passed by Congress in 1933 and declared judicially by the United

States Supreme Court in U.S. v. BANKERS' TRUST CO. (1935) and Perry v. United States, 294 U.S.

330 (1935).

We, Massimo Forti and Tina Forti do not support the federal 51 shadow States that have taken over the

de jure state functions since the 1930's. Neither we nor our businesses are established in, nor have we

been a citizen or resident of, the federal shadow State of California. We do not live in the federal

territory of the State of California or the County of Los Angeles, a federal area created out of thin air

by the Buck Act and other legislation that has usurped power and authority from de jure Government;

[10]     It is a well-known principle of law that all governmental agencies, and employees, subdivisions

and instrumentalities are bound to give effect to the Supreme Court decisions of their principles,

without exceptions. We have no documents or evidence that the County of Los Angeles and the State

of California is not a designated agency thereby bound, and we believe that none exists;

[11]     We have no documents or evidence that we are federal, state of city governmental employees,

or an officer of a corporation under duty to the private bylaws of the Federal Corporation "United

States", "this state," STATE OF CALIFORNIA or COUNTY OF LOS ANGELES, and we believe that none exists;

[12]    We have no documents or evidence that the COUNTY OF LOS ANGELES is not that municipality referenced in the Supreme Court's decision of Polazzalo v. Rhode Island (553 US 606) stating that "The Supreme Court ruled that Municipalities cannot exert any acts of ownership or control over property that is not owned by them," and we believe that none exists;

[13]    We have no documents or evidence that the COUNTY OF LOS ANGELES is not the code enforcement entity referenced in Monterey v. Del Monte Dunes (526 US 687) who is therein instructed that "Code Enforcement" cannot restrict development of the man's private [property] unless they lawfully acquire the land first," and we believe that none exits;

[14]    We have no documents or evidence that the COUNTY OF LOS ANGELES has acquired lawful ownership of the property locally known as NOVO CAFÉ` at 30770 Russell Ranch Road #G Westlake Village California [91362], and LUCANNA, LLC at 274208 Rondell Street Agoura California [91301], and we believe that none exists;

[15]    We have no documents or evidence that the COUNTY OF LOS ANGELES is not the "entity" referenced in Title 18 USC Section 891 through 896, stating that Federal Law prohibits cities and counties from issuing citations against the public quoting, at section 891….. "An extortionate means is any means involves the use, or an express or implicit threat of use, of violence or other criminal means to cause harm to the person, reputation or property," and we believe that none exists;

[16]    We have no documents or other evidence that California Penal Code Chapter 5b (CITATIONS FOR VIOLATIONS OF COUNTY, CITY, OR CITY AND COUNTY ORDINANCES) was not repealed in 1967 and was not replaced by any other authorized legislation, and we believe that none exists;

[17]    By this challenge you are hereby given an opportunity to present any claim upon which you alleged the COUNTY OF LOS ANGELES wish to assert that we are liable for your enforcement actions under your local ordinances (County of Los Angeles Municipal Code or the California Health and Safety Code), or to any lawfully delegated power(s) or that we have waived or voluntarily impaired our standing or capacity at the original venue and jurisdiction within the Republican form of Government;

[18]    You are herewith given the opportunity to present any document which you rely on, or your agency relies upon for any valid claim made, held, or pending against us or captioned property which is duly recorded, registered or of public record, whether disclosed or undisclosed;

[19]    You are herewith given the opportunity to present any established facts, proof or certified evidence which causes you or your agency to believe that you have acquired ownership of the captioned property making us subject to your powers for which we can be held to force bailment or liability under you adopted code;

[20]    We possess no documents or evidence demonstrating what law or theory of law or contract for which you intend to claim immunity, exemption, indemnification or limitation of liability for damage(s) caused if you act without jurisdiction, and we believe that none exists;

[21]    Failure to timely respond within ten (10) days constitutes your tacit admittance that all the statements within this document are true, correct and undisputed, and that you are unable to provide any proof, facts, or evidence supporting your authority to apply the County of Los Angeles Municipal Code or the California Health and Safety Code to this private property, and that you have no immunity, exemption or indemnification for your acts or omissions. Thereafter, estoppel by silence will prevail in all other related matters;

[22]    We explicitly reserve all my fundamental rights and protections, and the right to hold you and your agency within the limits of the Constitution under the laws of the American Republics and liable as recognized by the Uniform Commercial Code, the California Commercial Code and Tresevant v. City of Tampa 74 F.2d 336; and, See Morissette v. United States 342 U.S. 246 (1952); and, Kelly v. Griffin 241 U.S. 6 (1916), interpreting "conversion" for purposes of 18 U.S.C. § 641 as taking wrongful advantages from "another's property"….. embezzlement or fraudulent conversion by state or municipal; and, your conduct will constitute racketeering for extortion of property in violation of 18 U.S.C. section 1951 (relating to interference with commerce, robbery, or extortion), section 1952 (relating to racketeering), and conspiracy to racketeer under 18 U.S.C. § 1962. See, Sedima, S.P.R.L. v. Imrex Co. 473 U.S. 479 (1985). Stating that plaintiff has standing to bring RICO civil action under 18 U.S.C. § 1964(c) if defendant's unlawful conduct injured plaintiff in her business or property.

[23]    We explicitly waive the privileges and benefits of your office;

[24]    The whole body of Constitution for the United States of America, the California Constitution and California Statute must be applied as a complete set of administrative bylaws of the CALIFORNIA Corporation. There is **NO** assignment of discretion in either the knowledge or application of the whole Code by any Officer. The California Code as applied through the Code of California Regulations is constructive notice of and each Office's powers, and is limited by binding Oath, contract of employment, certificate of surety bonding the faithful performance of each individual act and collective acts or omissions by Officers, employees, agents, assigns, servants, attorneys, or other related beneficiary parties. There is no excuse, defense or claim that applies to either the Office or Officer, because both are created to act **only** as delegated, and no more. All officers of any executive branch agency of the United States Federal Corporation STATE OF CALIFORNIA and COUNTY OF LOS ANGELES know, or should know, that the Law is to applied as a whole integrated system, and that invalid application of one section **voids** all of the Code application because it is administrative law. See HJR 192 as attached. Thereby, failure to equally apply all the Code perfects issues that are raised to the level of Constitutional inquiry, voiding claimed statutory immunity procedures because statutes or case law do not supersede the Constitution. We stand on the land of the California Republic under the American Free Flag of Peace. Until otherwise proved with certifiable evidence, the COUNTY OF LOS ANGELES and STATE OF CALIFORNIA lacks jurisdiction over our private business. It is hereby demanded that you respond on a point by point basis or immediately cease and desist your unlawful conduct.


Respectfully submitted,                                         January 4, 2021


                                                    _____
                                                    Massimo Forti

                                                    _____
                                                    Tina Forti

# EXHIBIT A
House Joint Resolution HJR-192

# The Bankruptcy of The United States

*United States Congressional Record, March 17, 1993 Vol. 33, page H-1303*

Speaker-Rep. James Traficant, Jr. (Ohio) addressing the House:

"Mr. Speaker, we are here now in chapter 11.. Members of Congress are official trustees presiding over the greatest reorganization of any Bankrupt entity in world history, the U.S. Government. We are setting forth hopefully, a blueprint for our future. There are some who say it is a coroner's report that will lead to our demise.

It is an established fact that the United States Federal Government has been dissolved by the Emergency Banking Act, March 9, 1933, 48 Stat. 1, Public Law 89-719; declared by President Roosevelt, being bankrupt and insolvent. H.J.R. 192, 73rd Congress m session June 5, 1933 - Joint Resolution To Suspend The Gold Standard and Abrogate The Gold Clause dissolved the Sovereign Authority of the United States and the official capacities of all United States Governmental Offices, Officers, and Departments and is further evidence that the United States Federal Government exists today in name only.

The receivers of the United States Bankruptcy are the International Bankers, via the United Nations, the World Bank and the International Monetary Fund. All United States Offices, Officials, and Departments are now operating within a de facto status in name only under Emergency War Powers. With the Constitutional Republican form of Government now dissolved, the receivers of the Bankruptcy have adopted a new form of government for the United States. This new form of government is known as a Democracy, being an established Socialist/Communist order under a new governor for America. This act was instituted and established by transferring and/or placing the Office of the Secretary of Treasury to that of the Governor of the International Monetary Fund. Public Law 94-564, page 8, Section H.R. 13955 reads in part: "The U.S. Secretary of Treasury receives no compensation for representing the United States?'

Gold and silver were such a powerful money during the founding of the united states of America, that the founding fathers declared that only gold or silver coins can be "money" in America. Since gold and silver coinage were heavy and inconvenient for a lot of transactions, they were stored in banks and a claim check was issued as a money substitute. People traded their coupons as money, or "currency." Currency is not money, but a money substitute. Redeemable currency must promise to pay a dollar equivalent in gold or silver money. Federal Reserve Notes (FRNs) make no such promises, and are not "money." A Federal Reserve Note is a debt obligation of the federal United States government, not "money?' The federal United States government and the U.S. Congress were not and have never been authorized by the Constitution for the united states of America to issue currency of any kind, but only lawful money, -gold and silver coin.

It is essential that we comprehend the distinction between real money and paper money substitute. One cannot get rich by accumulating money substitutes, one can only get deeper into debt. We the People no longer have any "money." Most Americans have not been paid any "money" for a very long time, perhaps not in their entire life. Now do you comprehend why you feel broke? Now, do you understand why you are "bankrupt," along with the rest of the country?

Federal Reserve Notes (FRNs) are unsigned checks written on a closed account. FRNs are an inflatable paper system designed to create debt through inflation (devaluation of currency). when ever there is an increase of the supply of a money substitute in the economy without a corresponding increase in the gold and silver backing, inflation occurs.

Inflation is an invisible form of taxation that irresponsible governments inflict on their citizens. The Federal Reserve Bank who controls the supply and movement of FRNs has everybody fooled. They have access to an unlimited supply of FRNs, paying only for the printing costs of what they need. FRNs are nothing more than promissory notes for U.S. Treasury securities (T-Bills) - a promise to pay the debt to the Federal Reserve Bank.

There is a fundamental difference between "paying" and "discharging" a debt. To pay a debt, you must pay with value or substance (i.e. gold, silver, barter or a commodity). With FRNs, you can only discharge a debt. You cannot pay a debt with a debt currency system. You cannot service a debt with a currency that has no backing in value or substance. No

http://www.afn.org/~govern/bankruptcy.html

contract in Common law is valid unless it involves an exchange of "good & valuable consideration." Unpayable debt transfers power and control to the sovereign power structure that has no interest in money, law, equity or justice because they have so much wealth already.

Their lust is for power and control. Since the inception of central banking, they have controlled the fates of nations.

The Federal Reserve System is based on the Canon law and the principles of sovereignty protected in the Constitution and the Bill of Rights. In fact, the international bankers used a "Canon Law Trust" as their model, adding stock and naming it a "Joint Stock Trust." The U.S. Congress had passed a law making it illegal for any legal "person" to duplicate a "Joint Stock Trust" in 1873. The Federal Reserve Act was legislated post-facto (to 1870), although post-facto laws are strictly forbidden by the Constitution. [1:9:3]

The Federal Reserve System is a sovereign power structure separate and distinct from the federal United States government. The Federal Reserve is a maritime lender, and/or maritime insurance underwriter to the federal United States operating exclusively under Admiralty/Maritime law. The lender or underwriter bears the risks, and the Maritime law compelling specific performance in paying the interest, or premiums are the same.

Assets of the debtor can also be hypothecated (to pledge something as a security without taking possession of it.) as security by the lender or underwriter. The Federal Reserve Act stipulated that the interest on the debt was to be paid in gold. There was no stipulation in the Federal Reserve Act for ever paying the principle.

Prior to 1913, most Americans owned clear, allodial title to property, free and clear of any liens or mortgages until the Federal Reserve Act (1913)

"Hypothecated" all property within the federal United States to the Board of Governors of the Federal Reserve, -in which the Trustees (stockholders) held legal title. The U.S. citizen (tenant, franchisee) was registered as a "beneficiary" of the trust via his/her birth certificate. In 1933, the federal United States hypothecated all of the present and future properties, assets and labor of their "subjects," the 14th Amendment U.S. citizen, to the Federal Reserve System.

In return, the Federal Reserve System agreed to extend the federal United States corporation all the credit "money substitute" it needed. Like any other debtor, the federal United States government had to assign collateral and security to their creditors as a condition of the loan. Since the federal United States didn't have any assets, they assigned the private property of their "economic slaves," the U.S. citizens as collateral against the unpayable federal debt. They also pledged the unincorporated federal territories, national parks forests, birth certificates, and nonprofit organizations, as collateral against the federal debt. All has already been transferred as payment to the international bankers.

Unwittingly, America has returned to its pre-American Revolution, feudal roots whereby all land is held by a sovereign and the common people had no rights to hold allodial title to property. Once again, We the People are the tenants and sharecroppers renting our own property from a Sovereign in the guise of the Federal Reserve Bank. We the people have exchanged one master for another.

This has been going on for over eighty years without the "informed knowledge" of the American people, without a voice protesting loud enough. Now it's easy to grasp why America is fundamentally bankrupt.

Why don't more people own their properties outright?

Why are 90% of Americans mortgaged to the hilt and have little or no assets after all debts and liabilities have been paid? Why does it feel like you are working harder and harder and getting less and less?

We are reaping what has been sown, and the results of our harvest is a painful bankruptcy, and a foreclosure on American property, precious liberties, and a way of life. Few of our elected representatives in Washington, D.C. have dared to tell the truth. The federal United States is bankrupt. Our children will inherit this unpayable debt, and the tyranny to enforce paying it.

America has become completely bankrupt in world leadership, financial credit and its reputation for courage, vision and human rights. This is an undeclared economic war, bankruptcy, and economic slavery of the most corrupt order! Wake

http://www.afn.org/~govern/bankruptcy.html

up America! Take back your Country."

---

*Image*: *United States Congressional Record, March 17, 1993 Vol. 33, page H-1303*

*Back to Citizens for Better Government*
Last Modified March 5, 2001



**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

| Certified Mail Fee | $3.75 | | 0101 |
| | | | 10 |
| Extra Services & Fees (check box, add fee as appropriate) | | | |
| ☐ Return Receipt (hardcopy) | $ $0.00 | | |
| ☐ Return Receipt (electronic) | $ $0.00 | | Postmark |
| ☐ Certified Mail Restricted Delivery | $ $0.00 | | Here |
| ☐ Adult Signature Required | $ $0.00 | | |
| ☐ Adult Signature Restricted Delivery | $ | | |
| Postage | $0.78 | | |
| | | | 01/04/2022 |
| Total Postage and Fees | $4.83 | | |

Sent To Megan McClaire
Street and Apt. No., or PO Box No. 6050 Commerce Dr
City, State, ZIP+4® Baldwin Park CA 91706

PS Form 3800, April 2015 PSN 7530-02-000-9047     See Reverse for Instructions

---

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

| Certified Mail Fee | $3.75 | | 0101 |
| | | | 10 |
| Extra Services & Fees (check box, add fee as appropriate) | | | |
| ☐ Return Receipt (hardcopy) | $ $0.00 | | |
| ☐ Return Receipt (electronic) | $ $0.00 | | Postmark |
| ☐ Certified Mail Restricted Delivery | $ $0.00 | | Here |
| ☐ Adult Signature Required | $ $0.00 | | |
| ☐ Adult Signature Restricted Delivery | $ | | |
| Postage | $0.78 | | |
| | | | 01/04/2022 |
| Total Postage and Fees | $4.83 | | |

Sent To Public Health Chatsworth DIS
Street and Apt. No., or PO Box No. 14500 Roscoe Blvd #501
City, State, ZIP+4® Panorma City, CA 91402

PS Form 3800, April 2015 PSN 7530-02-000-9047     See Reverse for Instructions

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT C-1

NOTICE OF REMOVAL- 8

Massimo Forti and Tina Forti, Demandents

C/O:

30770 Russell Ranch Road #G
Westlake Village California [91362]

Certified Mail: 7021 1970 0002 1899 0253 Jan 18, 2022

To:
ELLIOT H. MIN and PETER LEE
648 Kenneth Hahn Hall of Administration
500 West Temple Street Los Angeles, California 90012-2713

## ADMINISTRATIVE NOTICE AND DEMAND FOR INDENTIFICATION AND CREDENTIALS
### *QUO WARRANTO*

This "Good Faith Presentment" to **Elliot H. Min** and **Peter Lee**, hereinafter, "Recipients" is made for the purpose of obtaining full disclosure of identification and determining under what authority, office and/or capacity Elliot H. Min and Peter Lee encroaches upon the privacy of the Demandents.

This administrative Notice, duly served on you serves as actual, constructive and sufficient notice and requires that within (10) ten days from the time of presentment you provide the Demandents with the completed **ATTORNEY QUESTIONNAIRE** attached hereto and to rebut the affidavit herein encompassed. Your failure, refusal, and or neglect to fully and timely comply is agreed by tacit agreement that the ultimate facts show and prove that your further actions are without authority, office and/or capacity and equates with fraud/dolous.

This administrative Notice and Demand is not intended to hinder, delay, obstruct, intimidate, or in any way threaten anyone, but is simply a means of invoking recipient's duty lawfully act and provide full disclosure. Should you the recipient not timely provide full disclosure, it is deemed, by tacit procuration, that you have no standing or interest sufficient to proceed. Should recipient take further action without disclosure, it is deemed by your specific performance to be your judgement of trespass on the case and acceptance of the terms and conditions of **"Waiver of Tort" and "Waiver of Immunity".**

Any further contact, instructions, directions, or documents transferred to Demandents from you by means of personal delivery, postal delivery, electronic or any other means until such time as you have properly and fully identified yourself pursuant to the above requirements constitutes your acceptance of the terms and conditions of waiver. Demandents request that you submit in writing a competent statement by what law, theory of law, or contract you were authorize or are currently authorized to trespass on the case, by virtue of which you intend to claim exemption, limitation or immunity from

1

liability for your acts.

## ATTORNEY QUESTIONNAIRE

**1a. Do you have a business license?**...................................................[  ] Yes [  ] No
1b. If so, please provide the following information:
    Licensing Authority: _____
    License Number:    _____
    Name of Business:   _____
    Date of license:     _____
    To Whom Issued:   _____

2a. Are you licensed to practice law?....................................................[  ] Yes  [  ] No

California Business Professions Code Section 6067 provides:
**ARTICLE 4. Admission to the Practice of Law [6060 - 6069];**
**6067.** Every person on his admission shall take an oath to support the Constitution of the United States and the Constitution of the State of California, and faithfully to discharge the duties of any attorney at law to the best of his knowledge and ability. **<u>A certificate of the oath shall be indorsed upon his license</u>**.

2b. Please provide your original or certified copy of the *certificate of oath* which was indorsed upon your license. **Note. PLEASE SEE ATTACHED** Correspondence from the California Supreme Court on this issue.
2c. Please provide the licensing Authority:_____
    Licensing Number:   _____
    Date of License:    _____
2d. What does this license authorize (e.g. the practice of law or the operation of a business?).

_____

3a. Are you a personal corporation or other entity when acting as an attorney?....[  ] Yes
[  ] No
3b. If yes, in what capacity do you act?
_____
3c. If an alien or foreign corporation, has the corporation been registered with the Secretary of State of any
State?.................................................................................[  ] Yes [  ] No
3d. If yes, please provide the following information:
    Date of registration: _____
    Registering authority: _____
    Registration number: _____
4.  Please provide your attorney Bar Association Member Card Number:

2

5a. Are you bonded for the practice of law?.........................................................[  ] Yes
[  ]  No
5b. If yes, please provide the following:
    Bond number:_____
    Bonding company name: _____
    Bond amount: _____
    Bond description: _____

6.  Do you carry errors and omissions insurance?...........................................[  ] Yes
[  ]  No
7.  Are you insured against malpractice?.........................................................[  ] yes
[  ]  No
7a.  If yes, please provide the following:
    Insurance number _____
    Insurance amount _____
    Insurance company name _____
    Insurance company address
    _____
    Insurance company phone number _____
    Insurance description or type of
insurance_____
8a. Are you licensed to practice in endeavors-undertakings other than JUDICIAL, at and before the Executive (quasi-judicial) levels for Administrative Pleadings as required by the class of cases presented on page 286, 7 US Sect. Digest under Exhausting of Administrative Remedies?
.................................................................................................... [  ] Yes
[  ] No
8b. If yes, please provide:
    Licensing authority in the Executive Branch:
    _____
    Your license number: _____
    The date of activation of your license: _____

9a. Do you have power of attorney to represent the juristic person/corporation entity known as The COUNTY OF LOS ANGELES?..................................................................
[  ] Yes  [  ] No
9b. If yes, please provide the following:
    Date of Power of Attorney: _____
    Is the Power of Attorney [  ] General, or [  ] Limited? (check one)
    What date does it expire: _____
    If limited, what are the limitations?
    If more space is required use the back of this page to continue:

3

_____

_____

_____

_____

Authorizing signature (officer) _____

Is signature notarizes? _____

10. Do you have Power of Attorney to represent the juristic persons/corporations entities known as MUNTU DAVIS and THE PEOPLE OF THE STATE OF CALIFORNIA?
...[  ] Yes [  ] No

10b. If yes, please provide the following:

Date of Power of Attorney: _____

Is the Power of Attorney [  ] General, or [  ] Limited? (check one)

What date does it expire: _____

If limited, what are the limitations?

If more space is required use the back of this page to continue:

_____

_____

_____

_____

Authorizing signature (officer) _____

Is signature notarizes? _____

11. Do you have first-hand knowledge of the facts in this matter? ...............[  ] Yes [  ] No

12. Are you competent to be a witness? ................................................[  ] Yes [  ] No

13. Are you a competent witness in this case? ......................................[  ] Yes [  ] No

14. Is your client legally incompetent in that he has declared himself to be either unwilling or unable to negotiate directly with Demandents?

4

..............................................[  ] Yes  [  ] No

15. Has your client agreed that he will be bound by your actions and legal
determinations?

[  ] Yes

[  ] No

16. Do you have authority to settle this matter?  ....................................[  ] Yes
[  ] No

Verification:

I declare under the penalties of perjury and under my full commercial liability that the
information included herein is true, correct, complete, and not misleading.

Dated this_____ day of _____, 2022.

_____ (Signature)

_____ Attorney

(address) _____

(City) _____, (State)

_____

(Zip Code)_____ (Phone Number)

_____

See Addendum, next page

# ADDENDUM

Correspondence From The Supreme Court of California on Attorneys License

SAN FRANCISCO

———

**NATALIE ROBINSON**
SUPERVISING DEPUTY CLERK

LOS ANGELES

———

**BRIAN CLEARWATER**
CALENDAR COORDINATOR

SAN FRANCISCO



# Supreme Court of California

**FREDERICK K. OHLRICH**
COURT ADMINISTRATOR AND
CLERK OF THE SUPREME COURT

(415) 865-7000

———

☐  **LOS ANGELES 90013**
RONALD REAGAN BUILDING
300 SOUTH SPRING STREET
(213) 830-7570

☐  **SACRAMENTO 95814**
100 LIBRARY AND COURTS BUILDING
(916) 322-6357

December 2, 2002

Phil Selinksy, DC
P.O. Box 191
Santa Barbara, CA 93101

Re:   **Response**

Dear Mr. Selinksy:

I am writing to confirm your letter of October 16, 2002.  You are correct in your statement that a Wall Certificate is not a license to practice law in the State of California.

Very truly yours,

**FREDERICK K. OHLRICH**
Court Administrator and
Clerk of the Supreme Court

By: A.Kirola

/amk

# NOTICE

## ENFORCEMENT OF CITY/COUNTY CODES PROHIBITED

California Law prohibits Cities and Counties from enforcing City or County Codes and Ordinances upon property that is not **OWNED** by the City or County – even if the property is within City limits.

California Penal Code: Chapter 5b CITATIONS FOR VIOLATIONS OF COUNTY, CITY, OR CITY AND COUNTY ORDINANCES – Sections 853.1 through 853.4 was **repealed** in 1967.

The Supreme Court ruled that Municipalities cannot exert any acts of ownership and control over property that in not **OWNED** by them, see **Palazzolo v. Rhode Island** 533 US 606, 150 L.Ed. 2d 592, 121 S.Ct. ___ (2001) (no expiration date on the taking clause for City's illegal enforcement of its Codes on the man's private property and restricting the man's business), affirming both **Lucas v South Carolina Coastal Council**, 505 US 1003, 120 L.Ed. 2d 798 (1992). (butterfly activists and Code Enforcement cannot restrict development of the man's private swampland unless they lawfully acquire the land FIRST, surveying with binoculars constitutes a "takings"), and **Monterey v. Del Monte Dunes**, 526 US 687 (1999), 143 L.Ed. 2d 882 S.Ct.___ (1998).  In the Monterey case, the California *private property owner* was awarded $8 million for Code Enforcement's illegal trespass and restriction of his business, and another $1.45 million for the aggravation of a forced sale.

Federal Law also prohibits Cities and Counties from issuing citations against businesses, see **Title 18 U.S.C. § § 891-896**, quoting Section 891 ... "An extortionate means is any means which involves the use, or an express or implicit threat of use, of violence or other criminal means to cause harm to the person, reputation, or property."

Black's Law Dictionary 5th Edition (page 1140): Recaption. At Common Law, a retaking or taking back. A species of remedy by the mere act of the party injured (otherwise termed "reprisal"), which happens when anyone has deprived another of his property in goods or chattels personal, or wrongfully detains one's wife, child, or servant. In this case, the owner of the goods, and the husband, parent, or master may lawfully claim and retake them, wherever he happens to find them, so it be not in a riotous manner, or attended with a breach of the peace. Prigg v. Pennsylvania, 41U.S. (16 Pet) 539, 612, 10L.Ed. 1060.

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

Los Angeles, CA 90001

Certified Mail Fee $3.75

$ $0.00

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy) $ $0.00
☐ Return Receipt (electronic) $ $0.00
☐ Certified Mail Restricted Delivery $ $0.00
☐ Adult Signature Required $ $0.00
☐ Adult Signature Restricted Delivery $

Postage $0.58

Total Postage and Fees $4.33

01/18/2022

Sent To Elliot Min and Peter Lee
Street and Apt. No., or PO Box No. 648 Kenneth Hahn hall - 500 W. Temple
City, State, ZIP+4 LA CA 90012-2793

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

7021 1970 0000 1899 0253

---

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

Los Angeles, CA 90001

Certified Mail Fee $3.75

$ $0.00

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy) $ $0.00
☐ Return Receipt (electronic) $ $0.00
☐ Certified Mail Restricted Delivery $ $0.00
☐ Adult Signature Required $ $0.00
☐ Adult Signature Restricted Delivery $

Postage $0.58

Total Postage and Fees $4.33

01/21/2022

Sent To Superior Court Clerk, Superior Court of CA County
Street and Apt. No., or PO Box No. 111 North Hillst
City, State, ZIP+4 Los Angeles CA 90012

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

7021 1970 0000 1899 0260

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT D

**CIV-100**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY:  STATE BAR NO.: 302597<br>NAME: Elliot H. Min, Deputy County Counsel<br>FIRM NAME: Office of the County Counsel<br>STREET ADDRESS: 500 West Temple Street, 6th Floor<br>CITY: Los Angeles  STATE: CA  ZIP CODE: 90012<br>TELEPHONE NO.: (213) 972-5782  FAX NO.: (213) 680-2165<br>E-MAIL ADDRESS: emin@counsel.lacounty.gov<br>ATTORNEY FOR (name): Plaintiffs County of Los Angeles, a political subdivision of the State of California, et al. | FOR COURT USE ONLY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, California 90012
BRANCH NAME: Stanley Mosk Courthouse

Plaintiff/Petitioner: COUNTY OF LOS ANGELES, a political subdivision of the State of California, et al.
Defendant/Respondent: LUCANNA, LLC, a California limited liability company d/b/a NOVO CAFÉ, et al.

| REQUEST FOR<br>(Application) | [x] Entry of Default  [ ] Clerk's Judgment<br>[ ] Court Judgment | CASE NUMBER:<br>22STCV00378 |
|---|---|---|

**Not for use in actions under the Fair Debt Buying Practices Act (Civ. Code, § 1788.50 et seq.)** (see CIV-105)

1. TO THE CLERK: On the complaint or cross-complaint filed
   a. on (date): January 5, 2022
   b. by (name): COUNTY OF LOS ANGELES, a political subdivision of the State of California; MUNTU DAVIS M.D., M.P.H., in his capacity as Health Officer for Los Angeles County; and THE PEOPLE OF THE STATE OF CALIFORNIA, by and through RODRIGO A. CASTRO-SILVA, County Counsel for the County of Los Angeles
   c. [x] Enter default of defendant (names):
      TINA FORTI, an individual a/k/a TINA PASHA
   d. [ ] I request a court judgment under Code of Civil Procedure sections 585(b), 585(c), 989, etc., against defendant (names):

      (Testimony required. Apply to the clerk for a hearing date, unless the court will enter a judgment on an affidavit under Code Civ. Proc., § 585(d).)
   e. [ ] Enter clerk's judgment
      (1) [ ] for restitution of the premises only and issue a writ of execution on the judgment. Code of Civil Procedure section 1174(c) does not apply. (Code Civ. Proc., § 1169.)
         [ ] Include in the judgment all tenants, subtenants, named claimants, and other occupants of the premises. The Prejudgment Claim of Right to Possession was served in compliance with Code of Civil Procedure section 415.46.
      (2) [ ] under Code of Civil Procedure section 585(a). (Complete the declaration under Code Civ. Proc., § 585.5 on the reverse (item 5).)
      (3) [ ] for default previously entered on (date):

2. Judgment to be entered.

| | | Amount | Credits acknowledged | Balance |
|---|---|---|---|---|
| a. | Demand of complaint . . . . . . . . . . . . | $ | $ | $ |
| b. | Statement of damages* | | | |
| | (1) Special . . . . . . . . . . . . . . . . . . . | $ | $ | $ |
| | (2) General . . . . . . . . . . . . . . . . . . . | $ | $ | $ |
| c. | Interest . . . . . . . . . . . . . . . . . . . . . . | $ | $ | $ |
| d. | Costs (see reverse) . . . . . . . . . . . . . | $ | $ | $ |
| e. | Attorney fees . . . . . . . . . . . . . . . . . . | $ | $ | $ |
| f. | TOTALS . . . . . . . . . . . . . . . . . . . . . | $ | $ | $ |

   g. Daily damages were demanded in complaint at the rate of: $          per day beginning (date):
   (* Personal injury or wrongful death actions; Code Civ. Proc., § 425.11.)

3. [ ] (Check if filed in an unlawful detainer case.) Legal document assistant or unlawful detainer assistant information is on the reverse (complete item 4).
   Date: March 8, 2022

   Elliot H. Min, Deputy County Counsel                          ▶ _Elliot Min_
   _____                            _____
   (TYPE OR PRINT NAME)                                         (SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

| FOR COURT<br>USE ONLY | (1) [ ] Default entered as requested on (date):<br>(2) [ ] Default NOT entered as requested (state reason): |
|---|---|

Clerk, by _____, Deputy

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California CIV-100
[Rev. January 1, 2020]

**REQUEST FOR ENTRY OF DEFAULT**
**(Application to Enter Default)**

Code of Civil Procedure, §§ 585–587, 1169
www.courts.ca.gov

**CIV-100**

| Plaintiff/Petitioner: County of Los Angeles, et al.<br>Defendant/Respondent: LUCANNA, LLC, a California limited liability company, et al. | CASE NUMBER:<br>22STCV00378 |
| --- | --- |

4. **Legal document assistant or unlawful detainer assistant (Bus. & Prof. Code, § 6400 et seq.).** A legal document assistant or unlawful detainer assistant ☐ did ☒ did not or compensation give advice or assistance with this form. If declarant has received any help or advice for pay from a legal document assistant or unlawful detainer assistant, state:

   a. Assistant's name:
   
   b. Street address, city, and zip code:

   c. Telephone no.:
   
   d. County of registration:
   
   e. Registration no.:
   
   f. Expires on (date):

5. ☒ **Declaration under Code Civ. Proc., § 585.5** (for entry of default under Code Civ. Proc., § 585(a)). This action

   a. ☐ is ☒ is not on a contract or installment sale for goods or services subject to Civ. Code, § 1801 et seq. (Unruh Act).

   b. ☐ is ☒ is not on a conditional sales contract subject to Civ. Code, § 2981 et seq. (Rees-Levering Motor Vehicle Sales and Finance Act).

   c. ☐ is ☒ is not on an obligation for goods, services, loans, or extensions of credit subject to Code Civ. Proc., § 395(b).

6. **Declaration of mailing (Code Civ. Proc., § 587).** A copy of this *Request for Entry of Default* was

   a. ☐ **not mailed** to the following defendants, whose addresses are unknown to plaintiff or plaintiff's attorney *(names):*

   b. ☒ **mailed** first-class, postage prepaid, in a sealed envelope addressed to each defendant's attorney of record or, if none, to each defendant's last known address as follows:

   (1) Mailed on *(date):* March 8, 2022

   (2) To *(specify names and addresses shown on the envelopes):*

   (See Attachment MC-020)

I declare under penalty of perjury under the laws of the State of California that the foregoing items 4, 5, and 6 are true and correct.

Date: March 8, 2022

Mirian Gomez
_____
(TYPE OR PRINT NAME)

► *Mirian Gomez*
_____
(SIGNATURE OF DECLARANT)

7. **Memorandum of costs** *(required if money judgment requested).* Costs and disbursements are as follows (Code Civ. Proc., § 1033.5):

   a. Clerk's filing fees  . . . . . . . . . . . . . . . . . . . . $
   b. Process server's fees  . . . . . . . . . . . . . . . . . . $
   c. Other *(specify):* $
   d. $
   e. **TOTAL**  . . . . . . . . . . . . . . . . . . . . . . . . . . $ _____
   f. ☐ Costs and disbursements are waived.
   g. I am the attorney, agent, or party who claims these costs. To the best of my knowledge and belief this memorandum of costs is correct and these costs were necessarily incurred in this case.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____
(TYPE OR PRINT NAME)

►
_____
(SIGNATURE OF DECLARANT)

8. **Declaration of nonmilitary status** *(required for a judgment).* No defendant named in item 1c of the application is in the military service as that term is defined by either the Servicemembers Civil Relief Act, 50 U.S.C. App. § 3911(2), or California Military and Veterans Code sections 400 and 402(f).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: March 8, 2022

Elliot H. Min, Deputy County Counsel
_____
(TYPE OR PRINT NAME)

► *Elliot Min*
_____
(SIGNATURE OF DECLARANT)

CIV-100 [Rev. January 1, 2020]

**REQUEST FOR ENTRY OF DEFAULT**
**(Application to Enter Default)**

Page 2 of 2

| SHORT TITLE: County of Los Angeles, et al. v. LUCANNA, LLC, a California limited liability company, et al. | CASE NUMBER: 22STCV00378 |
| --- | --- |

Question 6b - Declaration of Mailing

Mailed on (date):
3/8/2022

To (specify the names and addresses shown on the envelopes):
TINA FORTI, an individual a/k/a TINA PASHA
NOVO CAFÉ
30770 Russell Ranch Rd # G
Westlake Village, CA 91362

3/8/2022

MASSIMO FORTI, an individual
NOVO CAFÉ
30770 Russell Ranch Rd # G
Westlake Village, CA 91362

3/8/2022

LUCANNA, LLC, a California
limited liability company d/b/a NOVO CAFÉ
NOVO CAFÉ
30770 Russell Ranch Rd # G
Westlake Village Ca 91362

*(Required for verified pleading)* The items on this page stated on information and belief are *(specify item numbers, not line numbers):*

This page may be used with any Judicial Council form or any other paper filed with the court.

Page 1 of 1

Form Approved by the
Judicial Council of California
MC-020 [New January 1, 1987]

**ADDITIONAL PAGE**
**Attach to Judicial Council Form or Other Court Paper**

Westlaw Doc & Form Builder

CRC 201, 501

PROOF OF SERVICE BY MAIL

I am an inhabitant of Ventura County California with an

address of 1362 Glenmare Court Westlake Village California 91361.

I am over the age of 18 and not a party to the within action. On March 14, 2022, I

served the document attached hereto (Notice of Removal) on opposing party(s) in

this action by placing a true correct copy thereof enclosed in a sealed envelope

with postage fully prepaid in the United States Mail at Westlake Village

California, addressed to:

Elliot H. Min, Deputy County Counsel, office of the County Counsel
500 West Temple Street, 6th Floor, Los Angeles California 90012

Abbas Gherob

NOTICE OF REMOVAL- 10